*Chs. Adams*, for the appellee.

----

## CHARLES ADAMS *vs.* SAMUEL NICHOLS.

A general demurrer reaches the first defect in pleadings.

By the provisions of the act restraining swine from going at large, (Stat. 454, ch. 55, No. 2) swine are not made liable to be impounded under all circumstances, when found at large on the highways or commons, but only *sub modo*, when *suffered* to run at large by the owner. And the word "suffer" as used in that statute, means *to allow* or *permit.*

If swine are at large through the negligence of the owner, or his servants, or are permitted to continue at large, after notice of their escape from his enclosure, they are liable to be impounded; but if the owner exercise ordinary care and diligence in restraining them, and they are at large against his will, and *without any fault in him*, they are not subject to be impounded, (unless taken *damage feasant.*)

Hence, it is necessary for a defendant in replevin, who avows the taking of swine, and would justify impounding them under *this* statute, to aver, in his avowry, *that the swine were* SUFFERED *to run at large by the plaintiff.* And an averment, that the swine were running at large on the highway, *contra formam statuti,* &c. is insufficient.§

But *quere,* whether the avowant must prove this averment, or whether the swine *being* at large would be *prima facia* sufficient to throw the *onus* upon the plaintiff, of proving facts to exempt them from the liability to be impounded?

REPLEVIN, for nine hogs and seven pigs, taken and impounded, on the 7th day of August, 1822, at Burlington.

The defendant avowed the taking, &c. and justified as follows:

And now the said *Samuel Nichols*, in Court, by his attorney, comes and defends the force and injury, and well avers the taking, impounding and detaining of the said beasts, to wit, 9 hogs

and 7 pigs, because he says, that the said *Samuel,* long before the said time, when the said beasts are above supposed to have been taken, impounded and detained, and at the said time, when, &c. was, and yet is, a legal hayward, in and for the town of *Burling-ton* aforesaid, in which, &c. as by the records in the town clerk's office, of the town of Burlington aforesaid, ready to be shown in Court, will appear; and so being legal hayward, as aforesaid, because that the said beasts, to wit, the said 9 hogs and 7 pigs, at the said time, when, &c. *were running at large on the highway or common of this state,* to wit, *in Burlington* aforesaid, contrary to the form, force and effect of a certain statute of this state, passed on the 2d day of November, 1799, entitled "an act, restraining swine from going at large," he the said *Samuel* well avers the taking, impounding and detaining of the said beasts, to wit, the said 9 hogs and 7 pigs, in said place, in which, &c. at the time when, &c. then and there so running at large on the highways or commons of this state, to wit, in Burlington aforesaid, and justly, &c. according to the form, force and effect of the statute last above recited, and this said Samuel is ready to verify. Wherefore he prays judgment and a return of said beasts, together with his damages, according to the force of the statute in such case made and provided, to be adjudged to him. And the said *Samuel avers,* that he, within 28 hours after the taking and impounding of the said beasts as aforesaid, set up a notification, describing the natural and artificial marks of such beasts, in a publick place in *Burlington,* and in two next adjoining towns, to wit, *Colchester* and *Shelburn,* in said county, &c.

*Plaintiff's replication.*—And the said *Charles Adams,* in answer to the avowry of the said *Samuel,* protesting that the said beasts were not running at large on the highway or common, saith, that from the first day of July, 1822, to the said 7th day of August, 1822, the said 9 hogs and 7 pigs were kept constantly enclosed, and were never permitted to go into the road, except to drive them from one pasture to another, and that they were not upon the highway, unless accidentally, and that they were immediately returned to their enclosure; that on the said 7th day of August, 1822, the said 9 hogs and 7 pigs were in the said enclosure, well secured through the whole day and until after dark; that the said beasts were not taken by the said *Samuel* until after 9 o'clock at night, and if he found them upon the highway, they were there without the knowledge or consent of the said Charles, and were driven from the enclosure of said Charles, without his knowledge or consent; all which he is ready to verify. Wherefore he prays judgment for his damages and costs.

To this answer there was a general demurrer and joinder in demurrer.

*Chittenden,*
December,
1825.

Adams
*vs.*
Nichols.

*Chittenden,*
*December,*
1825.

*Adams*
*vs.*
*Nichols.*

After argument by counsel, which was confined principally to the supposed insufficiency of the plaintiff's answer, the opinion of the Court was delivered by

PRENTISS, J.    The demurrer, in this case, involves the inquiry, not only whether the plaintiff's plea is bad, but also whether the defendant's avowry is substantially defective.    If the avowry does not set forth enough to show, that the defendant was justified in taking and impounding the swine, as we all hold it does not, it will be quite useless to examine the plea ; for if the defendant has committed the first error, he must fail on his avowry, whatever our opinion might be on the plea.

In replevin, the avowant is in the nature of a plaintiff, and, therefore, the avowry, which is in the nature of a declaration, must show a good title, and contain sufficient matter to entitle him to recover on the merits.    (*Goodman* vs. *Ryling, Yelv.* 148 ----1 *Saund.* 347, *b. n.* 3.)    Indeed, it is indispensable in all cases, where a party claims or justifies under an authority given by statute, clearly to aver and show the authority, or such facts from which the authority must necessarily be derived.    The avowry, after stating that the defendant was a hayward, justifies the taking and impounding of the swine, *because,* as the allegation is, *they were running at large on the highway or common, in,* &c. *contrary to the form, force and effect of the statute, entitled "an act, restraining swine from going at large."*    The statute referred to, (*Comp. Stat. ch.* 55, *p.* 454) provides, "that no swine shall be allowed to run at large on the highways, or commons, in this state, and if any person or persons shall *suffer* his or their swine to run at large on the highways or commons aforesaid, it shall be the duty of the haywards, and lawful for *any other person,* to impound such swine," &c.    By the terms of the statute, swine are not liable to ·be impounded under all circumstances, when found at large on the highway or common, but only *sub modo,* when *suffered* to run at large, by the owner.    There is a marked discrimination in the phraseology used by the legislature, as applied to swine and other creatures, running at large on the highway, or common, and swine and other creatures, found *damage feasant,* or doing damage in any person's enclosure.    In the latter case, they are subject to be impounded, on being *found doing damage ;* (*Comp. Stat. C.* 55, *p.* 450, *s.* 3.) in the former, they are liable to be impounded, or a penalty is imposed, or a forfeiture created, when *suffered to run at large by the owner.*    This difference in the language of the statutes on the different subjects, is not to be regarded as unintentional, or the result of mere accident or inadvertence ; but is to be taken as giving what the language manifestly imports, not the same, but a different rule for the government of the two classes of cases.    The provision, restraining rams from going at large, however, forms an exception to the rule just mentioned, and furnishes another and very strong argument, to show the intention of the legislature in the case under consideration.    In the statute restraining rams, (*Comp.*

*Stat.* C. 73, *p.* 506) the language is, *if any ram shall be found going at large,* &c.   In the statute under which the present case arises, it is, *if any person or persons shall suffer his or their swine to run at large,* &c.   These are not words without meaning, and it would be an unjustifiable departure from the plain and natural import of them, to say, that they were the same as the words, *shall be found going at large.*   If it was not intended that some fault should be imputed to the owner of swine found at large, the form of expression, probably, would have been the same as in the [statute concerning rams.   It is to be observed, that the power to impound, given by the statute, is not confined to haywards, or officers regularly appointed for that purpose, who might be supposed to be fit persons, and to exercise the power discreetly, but is given to *any other person;* and whenever a hayward may impound, any other person may do the same. To hold that swine, whenever found at large upon the highway or common, are liable to be impounded, merely on being found at large, by any person who might take upon himself to exercise the authority, would be conferring a power, which does not seem necessary to answer the beneficial objects of the statute, and which might be exerted to purposes of mere vexation. Such I do not think was the intention of the legislature, as it clearly is not the obvious meaning of the words of the statute. Courts, certainly, are not at liberty arbitrarily to reject words in a statute of this nature, nor are they to depart from their plain meaning, in search of an intention which the words themselves do not suggest.   The intention, whatever it may have been, must be collected from the words used ; and by them, the right to impound is expressly confined to the case, where the swine are suffered to run at large by the owner.   The word *suffer*, in the statute, correctly interpreted, as well as in its ordinary acceptation, means *to allow,* or *permit;* but whether it implies a *negligent* as well as a *voluntary* permission, it is unnecessary at this time to determine ; though, in my judgment, it implies both, and is not to be restricted to a mere *voluntary* or *wilful* permission.   If the swine are at large through the negligence of the owner or his servants, or are permitted to continue at large after notice of their escape from his enclosure, it will be suffering them to run at large, within the true intent and meaning of the statute.   But if the owner exercises ordinary care and diligence in restraining them, and they are at large against his will, and without any fault in him, they are not subject to be impounded. Such being the construction of the statute, it follows, that an averment in the avowry, that the swine were suffered to run at large by the plaintiff, was essential to bring the case within the statute, and make out the defendant's justification.   On whom the burden of proof would lie, when an averment is thus made, and a proper issue formed, it is not material now to decide; for whatever opinion we might entertain on this as a question of evidence, it would not lead to a different conclusion on the case before us.   It is a settled rule in pleading on statutes, that the

party must aver a case within the stutute, though he throw the burden of proof upon the other side. [*Spiers* vs. *Parker,* 1 *T. Rep.* 131.—*Gill* vs. *Scrivens,* 7 *T. Rep.* 27.—1 *East,* 638.] Thus, where an exception is contained in the enacting clause of a statute, giving a right or forfeiture, it is necessary to negative the exception by an averment in the declaration, though it may not be necessary for the plaintiff to give any evidence in support of the averment. Even if it should he held, then, as a matter of evidence, that the swine being at large would be *prima facie,* sufficient, at least, so as to throw the *onus* upon the plaintiff, of proving facts to exempt them from the liability to be impounded, on the ground that he to whom the facts are best known is bound to prove them, the rule of pleading would, notwithstanding, remain unaffected, and it would still be necessary for the defendant to bring the case, by proper averments, within the statute.

But it is urged, that the allegation in the avowry, *that the swine were running at large on the highway,* &c. *contrary to the form of the statute, entitled "an act,"* &c. is a sufficient averment that they were suffered to run at large there by the plaintiff. It is an elementary principle in pleading, that every plea must be so pleaded as to be capable of trial, and, therefore, must consist of matter of fact, the truth of which may be tried by a jury as an issue, or its sufficiency, as a matter of defence, determined by the court on demurrer. Facts only are to be stated, and not arguments or inferences, or matters of law. [1 *Chit. Pl.* 215, 217. —*Doug.* 159—*Cowp.* 684.] The fact that the swine were suffered to run at large, being material to bring the case within the statute, ought to have been precisely averred. The allegation, in substance, is no more than saying, that the swine were running at large, *contrary to law;* and, surely, the defendant's right to impound them cannot be supported by such a vague and general allegation. A party can never make a conclusion in law, without showing to the court the matter of fact, whereby it may appear to the court whether the law is as the party has taken it to be. [*Walton* vs. *Hale,* 2 *Saund.* 181. *a.*] The conclusion *against the form of the statute,* therefore, does not help the matter. It must appear from the avowry, that the case is within the provision of the statute; and whatever facts are necessary to show this, must appear by *averments,* in opposition to *argument* and *inference.*

As the avowry does not set forth sufficient matter to show that the swine were subject to be impounded, there must be judgment for the plaintiff, with leave to the defendant to amend on payment of costs.

Judgment for the plaintiff, accordingly.

*Charles Adams* and *J. C. Thompson,* for the plaintiff.

*Wm. Brayton* and *B. F. Bayley,* for the defendant.