State v. Fisher.

## STATE OF VERMONT v. SYLVESTER FISHER.*

### Intoxicating Liquor.    Evidence.

Under the law regulating the sale of intoxicating liquor, a town liquor agent is not authorized to sell such liquor, except upon an application for it for an authorized purpose, and upon a representation reasonably inducing the belief that it is wanted for such purpose only.

If the agent sell liquor without such an application and representation, and without any inquiry, or use of other means to ascertain, for what purpose it is wanted, and In fact it is procured and used for drink, and not for an authorized purpose, he is guilty of a violation of the law, as much so as if he were not agent.

In a prosecution against a town agent for the sale of liquor under such circumstances, evidence is inadmissible to prove his general reputation for prudence and caution in the discharge of his duties as agent.

COMPLAINT for selling intoxicating liquor contrary to law. Trial by jury at the December Term, 1861, PIERPOINT, J., presiding.

It was admitted that the respondent, on or about the first day of April, 1860, was duly appointed agent to sell intoxicating liquor in the town of Ripton, and was acting as such agent at the time of the sales complained of and proved on this trial.

The prosecution introduced the following testimony :

JOHN BAILEY—" I bought intoxicating liquor of the respondent four or five times, a pint at a time, and for lawful uses in all instances except two ; and in those two I bought it to drink ; in one of the two, nothing was said by Fisher about the use I intended to make of it; in the other, Fisher asked what I wanted it for, and I replied that I wanted it to drink ; when Fisher said he did not care about people's drinking, if they did not get drunk."

MYRON PAGE—" I bought intoxicating liquor of the respondent four or five times ; the first time of Fisher's son ; don't know that he asked me what I wanted it for ; think he did not.

---

* This case was decided at the January Term, 1863, in Addison county, but the papers in the case were not received by the reporter in season to have it appear among the cases of that term.

I bought at two other times, a pint at a time, and Fisher did not ask what I wanted it for, and at one time a gallon. When I bought the gallon he hesitated about letting me have so much ; I told him I wanted it to use, and did not want to be coming for a pint at a time. I don't know that he asked me in any instance what I wanted the liquor for ; think he did not ; once he asked if I was sick, and I told him I was not, but expected to be. I got the liquor every time to drink, or for men in my employ to drink. I did not get any of it for medicine, or profess to Fisher that I wanted it for medicine, and did not want it for that use, as I was in good health."

DAVID C. SHERMAN—" Got intoxicating liquor of the respondent three or four times, a pint at a time ; think Fisher did not ask either time what I wanted it for. I was in good health and did not want it for medicine, or intimate to Fisher that I wanted it for any other purpose than to drink ; did get it to drink each time. Afterwards I tried to buy two quarts, and Fisher refused to let me have it."

ARCHIBALD PLATT—" Bought of Fisher two pints of intoxicating liquor, a pint at a time. The first time he did not ask what I wanted it for, nor did I tell him ; the next time he asked if I was sick, and I replied that I was ' sick of the world.' I was in good health both times, and did not want the liquor for medicine, or so represent, but got it to drink each time."

The respondent called Bradford Ripley, who testified as follows :

" I lived with Fisher, and was present when Myron Page came for a gallon of liquor. Fisher hesitated about letting him have what he wanted ; asked me what kind of a man Page was, and requested me to talk with him. I took Page aside and talked with him. I had lived with him a good deal, and knew that there was sickness in the family. Page said he must have the liquor, that he was obliged to have it, and did not want to come for a pint at a time, as he lived some ways off. I communicated what he said to Fisher, and told the latter I thought he had better let Page have the liquor. Page did not

profess to me or Fisher that he wanted it for medicine. I am Fisher's son-in-law."

The respondent introduced two other witnesses, who testified as to their personal knowledge of the wisdom and discretion of Fisher in making sales, and offered to prove his general reputation in the community where he lived for prudence and caution in the discharge of his duties as agent; but the court excluded the evidence, to which decision exception was taken.

The respondent also offered to show that all the witnesses on the part of the prosecution were temperate men, not addicted to intoxication; but the court rejected the evidence, to which exception was taken.

This was all the evidence in the case.

The respondent requested the court to charge the jury:

1st. That the legislature having pointed out no mode by which the agent is to ascertain whether an applicant wants liquor for legitimate purposes, the agent can not be held liable so long as he acts in good faith, though it should appear that he is careless and negligent, and does not always inquire of purchasers what their purpose is.

2nd. That an application, by a temperate householder, for small quantities of liquor, such as are commonly used in temperate families, ought not to excite any suspicion, and that the agent would be justified in supposing it to be wanted for a lawful purpose, and would not be bound to make inquiries as to the use intended to be made of the liquor, when he believes the applicant wants it for a lawful purpose.

3rd. That every presumption ought to be made in favor of the agent; that if any doubt remains, the respondent should be acquitted; and that the jury must be satisfied that the respondent intended to violate the law.

But the court declined so to charge the jury, but did charge them:

That an agent appointed to sell intoxicating liquor under the statute, is liable to prosecution if he knowingly sell it for any other uses than those pointed out and authorized by the statute, and is not protected by his license in selling for any other pur-

pose ; that a town agent appointed for such purpose should be held strictly to an honest and faithful discharge of the trust reposed in him ; that he is bound to exercise reasonable caution and diligence to ascertain the purpose for which the liquor is designed ; that if in the exercise of such caution, he is deceived by the applicant's lying to him, or by other means he is induced to believe, and does honestly believe that the liquor is wanted for a purpose contemplated by the statute, and he sells it in good faith, he would not be liable for the penalty, even though the liquor was procured for a purpose not so contemplated ; but that if such agent sells liquor without knowing, or having any suffi-cient reason to believe, that it is wanted for any of the purposes allowed by the statute, and without inquiring, or resorting to any other means to ascertain, for what purpose it is wanted, he would be liable, if the liquor sold was procured and used for other purposes than those named in the statute ; that if in this case the jury were satisfied that the respondent exercised reasonable caution, and acted in good faith, he should be acquitted ; but that if, on the other hand, they were satisfied beyond a reasonable doubt that he did not exercise such caution, and sold the liquor without knowing the purpose for which it was to be used, and without any reason to believe it was to be used for any of the purposes named in the statute, and without taking any means to ascertain whether it was to be so used, or knowing it was not to be used for such purposes, and the liquor was procured and used for other purposes than those named, it would be their duty to find him guilty.

To the rulings of the court, their refusal to charge as requested, and to the charge as given, the respondent excepted.

*A. P. Tupper* and *J. Prout*, for the respondent.

*W. F. Bascom*, state's attorney, and *J. W. Stewatt*, for the prosecution.

BARRETT, J. The statute, for the violation of which this prosecution was instituted, prohibits any sale or furnishing of intoxicating liquors ; with provisions by which, for certain

specified purposes, they may be sold without incurring the penalties.

It has been decided that it is not necessary for the prosecution to prove that the respondent had not lawful authority to sell, that the fact of having such authority is matter of defence, after the fact of selling has been proved. It is obvious that, in order to constitute a defence, the necessary lawful authority implies not only the holding of the office of town agent, but that the acts complained of were such as the statute permits. It may be true that, when the fact is admitted or proved of the respondent's having such agency at the time those acts were done, the presumption would arise that they were lawfully done. But such presumption may be met by evidence tending to show that they were not done for any of the purposes permitted by the statute. If not so done, then the defence would fail, unless it should appear that the respondent acted upon warrantable grounds, and in good faith, in reference to the purposes for which the law permits him to make sales of intoxicating liquors.

Section 3 of the act of 1855 contemplates that the agent may be imposed upon by false representations, as to the purpose for which the liquor applied for is intended to be used, and guards, by penalty, against the attempt to practice it. But nowhere does the statute upon this subject countenance the idea, that the agent may sell for other than the permitted purposes, where there is not only no representation that liquors are wanted for any of those purposes, but nothing is said or done having a tendency to induce the agent to suppose so

The fact that purchasers are respectable and temperate men, and never get intoxicated, can not bear on the purpose for which they may want to purchase liquor ; for such men are as likely to want it to drink, when well, as to use it for any of the permitted purposes.

In the present case there is no evidence tending to show that any one represented, or pretended, or in any way gave the respondent to understand that the liquor was wanted for any of the purposes for which he was authorized to sell it ; but the evidence tends to show that he was either directly told, or

left reasonably to infer, that it was wanted for the purpose of drinking, and not " for medicinal, chemical or mechanical purposes *only*."

Under the structure and provisions of the statute, having reference particularly to sections 1, 3 and 5, of the act of 1852, and section 3 of No. 2, act of 1855, the true view seems to be, that it is incumbent on the agent to sell no liquor unless upon an application for it for an authorized purpose, and upon a representation reasonably inducing the belief that it is wanted for such purpose only ; that if he takes upon himself to sell without such application and representation, and without any inquiry, and in fact the liquor is wanted and used for drink, and not for such lawful purpose, he would be guilty of a violation of the law, as much so as if he were not agent. If there is no such application and representation, he has nothing before him tending to constitute a case within the lawful scope of his jurisdiction as agent, and therefore should properly be left to the hazard of falling outside of the protection of the law.

This case can not properly be regarded as standing upon the same principle as some of the common law crimes, in which *guilty knowledge* is essential. The law in this case charges the agent with an affirmative duty, to sell for the specified purposes *only ;* and it seeks to protect him from being imposed upon by false representations as to such purposes. If no representations are made, and nothing is done tending to impose on him a false belief, and without any inquiry, or reason for believing that the liquor is wanted for a lawful purpose, he makes a sale, he stands chargeable with a *guilty ignorance*,—a guilty negligence, which should preclude him from official protection. The principle of *Adams* v. *Nichols*, 1 Aik. 316, cited by counsel for the respondent, though a civil case, seems to countenance this view.

The evidence offered as to the reputation of the respondent, seems to us to have no pertinency to the case, as made by the other evidence. If there had been some evidence tending to show that the respondent had been misled, and the question had properly arisen, whether he had exercised due caution and prudence, and the requisite good faith, it might possibly have merited a different consideration.

In thus presenting our views, it has been assumed, (though the papers furnished do not show,) that the jury found the respondent guilty for only such instances of selling as the evi-dence showed to be for unlaw.ul purposes.

On the whole, we think the county court gave a charge to the jury that is sound in its law, salutary in its morality, and called for by the state of the evidence.

The defendant takes nothing by his exceptions, and the judg-ment is affirmed, with costs.