## COMMONWEALTH vs. JOSHUA E. TOWLE.

Middlesex. Nov. 24, 1884. — Jan. 7, 1885. FIELD, C. ALLEN, & COLBURN,
JJ., absent.

At the trial of a complaint for unlawful sales of intoxicating liquors on the Lord's
day, if the defendant has an innholder's license, and a license of the first class
for the sale of such liquors to be drunk on the premises, covering the time of
the alleged sales, the burden of proof is upon him to show that the persons to
whom the sales were made were guests who had resorted to his house for food
or lodging.

COMPLAINT to the Third District Court of Eastern Middle-
sex, in two counts, alleging that the defendant, on March 16 and
23, 1884, respectively, the same being the Lord's day, at Cam-
bridge, unlawfully sold intoxicating liquors to a person unknown,
not having any license, appointment, or authority to make such
sale.    Trial in the Superior Court, before *Bacon*, J., who al-
lowed a bill of exceptions, in substance as follows:

The defendant was in the employ and acting under the au-
thority of Francis Locke, the proprietor of Porter's Hotel, Cam-
bridge, who held an innholder's license and license of the first
class to sell liquors to be drunk on the premises, covering the
period of the alleged sales.    Evidence was introduced by the
government tending to show sales in the hotel by the defend-
ant on the two days alleged, each of which was Sunday, to per-
sons unknown.    The government's witnesses testified that they
did not know and could not say that the persons to whom the
alleged sales were made were not guests of the hotel, who had
resorted to the hotel for food or lodging.

The judge refused to rule, as requested by the defendant, that
the burden of proof was upon the government to show that the
persons to whom the alleged sales were made were not guests
of the hotel who had resorted to the hotel for food or lodging;
and ruled that the burden was upon the defendant to show that
the persons to whom the alleged sales were made were such
guests.    The jury returned a verdict of guilty; and the defend-
ant alleged exceptions.

*G. F. Piper*, for the defendant.

*H. N. Shepard*, Assistant Attorney General, for the Common-
wealth.

DEVENS, J. It is the contention of the defendant, — the government having shown that the alleged sale of intoxicating liquors was made on the Lord's day, and the defendant having proved that he had a license to sell intoxicating liquors and also an innholder's license, — that it was an erroneous instruction to the jury that the burden of proof was on the defendant to show that the persons to whom the alleged sales were made were guests of the hotel who had resorted thereto for food or lodging.

In all criminal prosecutions in which the defendant relies for his justification upon any license, appointment, or authority, he is required to prove the same. Pub. Sts. *c.* 214, § 12. If the defendant relies upon a license in justification of that which he is shown to have done, the burden of proof is upon him to show a license broad enough to authorize the acts complained of. It was so held in *Commonwealth* v. *Rafferty*, 133 Mass. 574, which was a complaint for maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors. A license invests its possessor with an authority to do an act which would be otherwise illegal. If he be invested with that authority only in case certain circumstances exist, it is for the party relying on the license to prove the existence of the circumstances. Unless this be done, his license is not applicable to the case which has been proved against him. The act done by the defendant was apparently illegal; it was for him, under the statute, to justify by showing a license therefor. He does not do this by exhibiting a license which by its conditions forbids the sale of liquor on the Lord's day, " except that, if the licensee be also licensed as an innholder, he may supply such liquor to guests who have resorted to his house for food or lodging." Pub. Sts. *c.* 100, § 9. In order that his license should be available to protect him in having made the sale on the Lord's day, it was necessary for the defendant to show, not merely that he was a licensed innholder, but also that the persons to whom liquor had been supplied were guests who had resorted to his house for food or lodging.

*Exceptions overruled.*