## STATE *v.* ROBERT NULTY.

*Criminal Law. Liquor Law. Pleading. Amendment.*
*Surplusage. " To Wit." Practice. Second*
*Offense. R. L. ss. 3848, 3792.*

1. AMENDMENT, SURPLUSAGE. It is not error to allow an information charging the illegal sale of intoxicating liquor to be amended by inserting the word *liquor* in the clause alleging a prior conviction, when it would be surplusage, and sufficient without it.
2. PRACTICE. The burden is on the respondent to prove that he had a license, instead of on the State, that he had not one.
3. When a respondent moves for a verdict, he should state the precise grounds on which he bases his request, or the court may well disregard it.
4. If the conviction is for a second offense, requiring imprisonment, no decision should be announced without the presence of the respondent; and if at large on bail, his bonds should be forfeited.
5. Error will not be presumed.

INFORMATION charging the respondent with the illegal sale of intoxicating liquor. Trial by jury, April Term, 1884, TAFT, J., presiding. Verdict, guilty of two offenses.

*Henry Ballard,* for the respondent.

It was error to allow the amendment. R. L. ss. 3848, 3857, 3865; Bro. Leg. Max. 421; 7 Cush. 53, 89; *McKay* v. *R. R. Co.* 2 Mich. 138; Sedg. Stat. Law, 237, 247; *State* v. *Murphy,* 55 Vt. 547. It was incumbent on the State to prove that the respondent did not have authority to sell. *State* v. *Pitkin,* 53 N. H. 435; *State* v. *Norton,* 45 Vt. 261; 18 Vt. 191-7; 24 Pick. 374.

*J. W. Russell,* for the State, cited on the question of amendment: *King* v. *Holland,* 4 Term, 457; *State* v. *Batchelder,* 6 Vt. 479; *State* v. *Murphy,* 55 Vt. 447; that the burden was on the respondent to show that he was an authorized agent: 1 Greenl. Ev. s. 79; 1 Best Ev. p. 512; *State* v. *Hodgdon,*

41 Vt. 139; 2 Russ. Cr. p. 771; *State* v. *Abbey,* 29 Vt. 60; *State* v. *Fisher,* 35 Vt. 584; R. L. s. 3792.

The opinion of the court was delivered by

Ross, J.   I.   The respondent contends, that the County Court erred in allowing an amendment of the information, in regard to a former conviction.   Sec. 3848, R. L., requires, that where a prior conviction is relied upon to increase the sentence, it shall be set forth in the information; but that it shall be sufficient to set forth in substance the fact of such prior conviction, the offense for which the conviction was had, and the time and place at which, and the court by and before which, it was had.   The information stated, that, " on the 9th day of July, 1883, by and before the city court, the respondent was convicted of selling, furnishing, and giving away intoxicating, without authority; to wit of one offense, under a charge of selling, furnishing, and giving away intoxicating liquor without authority, contrary," &c. The amendment allowed, was the insertion of the word " *liquor* " after the word " *intoxicating* " where it first appears in said paragraph.   We do not think, that this amendment added anything to the legal quality or certainty of the allegation.   If all words occurring between the word " *convicted* " and the words, " *to wit,*" should be rejected as surplusage, the allegation remaining would be a full compliance with the requirements of the statute.   The office of " to wit " is to particularize what before has been alleged in a general way.   *State* v. *Murphy,* 55 Vt. 547.   It is, as if the informer had said, " By the foregoing, I mean one offense under a charge," &c.   Therefore, with the word " liquor " inserted, as allowed by the amendment, the allegation legally meant no more than it did if the words standing between the words " convicted " and " to wit " should be rejected as surplusage; nor is the legal essence of the allegation varied by allowing those words to remain unrejected.   The respondent's counsel contends, that by

allowing the amendment, he was prevented from raising a question of variance between the allegation and the proof, which he might have raised, if the words named are rejected as surplusage. But the views already expressed, that the legal essence of the allegation before and after the amendment, is the same, effectually disposes of this contention; as the same proof would support the allegation with or without the amendment being allowed.

Hence, as the amendment added nothing to, and did not vary, the legal substance of the allegation, the County Court did not err in allowing it to be made.

II. The respondent contends that the County Court should have complied with his request to have a verdict directed in the respondent's favor. He stated no ground on which he based such request. The court could have well rejected the request for this reason. The court is entitled to be fairly dealt with, and to have its attention called to the precise ground on which the request is made, so that it may pass upon it at once, and intelligently. It is not the duty of the court to guess at the grounds on which such requests are based, and possibly to deny them upon one ground or view of the evidence, and then have the excepting party bring the case to this court and urge some other ground for the request. This court only corrects the precise errors committed by the County Court. It will not presume error; nor will it revise the action of the County Court on a matter upon which the exceptions do not show affirmatively that the County Court acted, or had its attention called to it in such a way that it was legally bound to act. Possibly in this case the failure to point out the basis of the request, was an inadvertence. He now urges that the request should have been complied with, because, as he claims, the State had introduced no evidence tending to show that the sale was without authority and contrary to law. In this claim the respondent's counsel is unsupported by the exceptions. On the contrary the exceptions show affirmatively that evi-

dence having such a tendency was introduced by the State. It is stated, that it appeared from the uncontradicted testimony, that the respondent was a hotel keeper, and kept a hotel called Rowe's Hotel; that there was a bar in said hotel at which intoxicating liquor was sold, and that the sales, for which conviction was had, took place at said bar. The statute, s. 3792, R. L., prohibits the appointment of the keeper of a hotel, as an authorized agent for the sale of liquor under the law. The place and manner of the sale were more consistent with being made for drinking than for the purposes authorized by law. Hence, the occupation of the respondent, the place and manner of the sale, were evidence tending to show that the sale was unlawful.

But we do not think, under this statute, that the State, to be entitled to a conviction, is bound to prove the negative averment in the information, that the sale was without authority. All sales of intoxicating liquor are without authority unless the person making the sale has a license therefor; and then he is authorized to make sales only for specific purposes. The general rule of evidence is, that the party asserting an affirmative of a proposition is bound to establish it by proof. In criminal cases, where the act is criminal only under particular circumstances, it is frequently and perhaps generally, held, that the State is bound to establish the crime, although in so doing it is obliged to take the burden of proving a negative. But it was early held in *Rex* v. *Hanson,* 5 M. & S. 209, that the prosecution, although compelled to aver in the information, for an unlawful sale of ale, that the sale was without authority, was not bound to prove the want of authority. The sale could be lawful only in case the respondent was duly licensed to make it. The decision was placed upon the ground that it was not an exception to the general rule requiring an affirmative proposition to be established by the person relying upon it, on the ground that the person making such a sale under a license had the ready means of showing the

license, while the prosecution might be put to great expense and difficulty in establishing the negative or want of such license. This doctrine has since been generally followed, and become elementary. 2 Russ. Cr. 769 to 772; 1 Greenl. Ev. s. 79, and cases cited in note. Such also has been the almost universal practice in this State in prosecutions for the sale of intoxicating liquor. Judge BARRETT, in *State* v. *Fisher*, 35 Vt. 584, decided more than twenty years ago, says, that it had been so decided by this court, though the case is not reported. It is the recollection of some of the members of this court that the same question was made and decided the same way by this court in a recent unreported case in Franklin county. Hence, though we might have disposed of this point in the case on other grounds, to have this question settled in practice, and with the profession, we announce what we understand has been the practice under this law, and the former decisions of this court on this subject; and that we see no ground or reason for changing the practice or the unreported decisions of this court heretofore made on this subject.

The result is, that no error is found in the action of the County Court.

This opinion was not read at the term the case was heard. After the hearing and preparation of the opinion, when the time arrived for announcing the decision, the court refused to proceed further in the case without the presence of the respondent, who was at large on bail. Failing to appear, the court ordered his bonds called and adjudged forfeited. The court were of the opinion that where the conviction under this statute is for a second offense, which requires that the respondent shall be imprisoned, no decision should be announced without the presence of the respondent. Ordinarily, no opinion is furnished in such cases; but as the decision touches some matters of importance in practice the opinion is furnished for publication.