## COMMONWEALTH *vs.* JOHN MOLTER.

Worcester.    October 4. — 22, 1886.    DEVENS & W. ALLEN, JJ., absent.

At the trial of a complaint for an unlawful sale of intoxicating liquor on a certain Lord's day, a witness testified that, on the day named, he was at a place, over the door of which was the defendant's name, and that he there saw several sales of intoxicating liquor on that day by the defendant behind the bar in a restaurant kept by him; and, on cross-examination, he testified that he could not identify the man behind the bar, or the defendant. A deputy sheriff testified as follows: " The defendant keeps a small hotel and restaurant, with a bar-room in it." *Held,* that there was evidence proper to be submitted to the jury.

At the trial of a complaint for unlawful sales of intoxicating liquors on the Lord's day, if the defendant has an innholder's license, and a license of the first class for the sale of such liquors to be drunk on the premises, covering the time of the alleged sales, the burden of proof is upon him to show that the persons to whom the sales were made were guests who had resorted to his house for food or lodging.

COMPLAINT for an unlawful sale of intoxicating liquor, at Clinton, on July 4, 1886, the same being the Lord's day, to some person to the complainant unknown. Trial in the Superior Court, on appeal, before *Blodgett*, J., who allowed a bill of exceptions, in substance as follows:

The government offered one Kenney as a witness, who testified as follows: "I know a place in Clinton, kept by John Molter, on Main Street; the sign is 'Railroad Restaurant.' Between seven and half-past seven o'clock P. M., on Sunday, July 4, I stopped on the platform of the railroad station, in sight of Molter's place; there are two doors opening into the place of business from the street, one leads into the restaurant, the other to the bar-room; the door to the former was open, people were going in thereat, and I followed. I passed through the restaurant, and into the bar-room. There were a settee and some chairs before the bar, four or five men were in the room, a man was behind the bar, and some one called for lager beer; Molter was behind the bar, he served the liquor, and I saw two payments made. This bar-room faces the street, and the bar comes pretty close to the window; one could see right in from the street, as it was daylight; I saw the bar and fixtures behind the bar, such as bottles and the like; the bar is fifteen feet long; behind the bar are shelves; saw no one come into or go out of the bar-room by the front door; there were quite a number of persons in the restaurant, and four or five in the bar-room. I think the man behind the bar was called John, but I am not positive; this is my impression."

On cross-examination, the witness testified that, in the lower court, he testified that he could not identify the man behind the bar; that he could not now identify him; and that he could not now identify the defendant, or any one in the bar-room or restaurant. He further testified, on cross-examination, as follows: "I saw two different persons make payments. I think there were two or three persons in the bar-room when I went in. I went in with two or three other persons. I could not say which party paid for the beer. As soon as I saw the payments, I went out. No one spoke to me, and I spoke to no one."

Abbot A. Jenkins, a deputy sheriff residing in Clinton, was called by the government, and testified that "John Molter keeps

a small hotel and restaurant, called the Railroad Restaurant; there is a bar-room on the premises, and it is quite a good-sized place."

The government offered in evidence a license of the first class under the Pub. Sts. *c.* 100, and an innholder's license, to do business at said house, both of which were issued to the defendant on or about May 1, 1886.

The defendant offered no evidence; but requested the judge to rule that, upon the above evidence, the defendant could not be convicted.

The judge declined so to rule; and ruled that there was evidence upon which the defendant might be convicted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. W. Corcoran & H. Parker,* for the defendant.

*E. J. Sherman,* Attorney General, for the Commonwealth.

MORTON, C. J. There was evidence tending to show that the defendant sold intoxicating liquor on the Lord's day, as alleged in the complaint. He had a license of the first class under the Pub. Sts. *c.* 100, and an innholder's license. A deputy sheriff testified that the defendant kept the hotel and restaurant, with a bar-room in it.

One witness testified to seeing several sales of liquor made by the defendant behind the bar. If, on his cross-examination, he contradicted or qualified his statements made upon his direct examination, it was for the jury to say which they believed. There was evidence proper to be submitted to them.

If the defendant relied upon his licenses as a defence, it was for him to show that the persons to whom the sales were made were guests, who resorted to his house for food or lodging. *Commonwealth* v. *Towle,* 138 Mass. 490. *Exceptions overruled.*