G. D. BICKFORD v. TRAVELERS INS. CO.

MAY TERM, 1895.

*Accident insurance. Execution and delivery of policy. Recovery under common counts. Must state grounds of motion to dismiss. No recovery after date of proof of claim. Jurisdiction of county court by reason of amount involved.*

1.  The plaintiff is not required to prove the execution of an accident insurance ticket on trial unless the defendant has, under county court rule No. 12, given notice that it will deny the execution.

2.  The possession of the ticket by the plaintiff is evidence tending to show that it has been issued and delivered to him by the defendant.

3.  The defendant objected to the admission of the ticket as evidence for the reason that no recovery could be had upon it under the general counts.  *Held*, that the objection was properly overruled, for (*a*) a recovery may be had upon a conditional contract under the general counts, and (*b*) in this case there was a special count in indebitatus assumpsit upon this accident ticket, and it may be presumed, the contrary not appearing, that the recovery was upon this count only.

4.  A party should state the precise grounds on which he bases his motion for a verdict, and if he does not, the trial court may well disregard it.

5.  The contract of insurance in this case provided for an indemnity not exceeding twenty-six consecutive weeks, and that proofs of claim should be furnished within seven months from the date of injury.  *Held*, that no recovery could be had for any period after the date of the final proof of loss.

6.  *Held*, that it did not affirmatively appear that the plaintiff brought his suit to the county court in bad faith, and that, therefore, the defendant's motion to dismiss for want of jurisdiction by reason of the amount involved, was properly overruled.

Assumpsit.  Plea, the general issue.  Trial by jury at the September term, 1894, Orleans county, TYLER, J., presiding.  Verdict and judgment for the plaintiff.  The defendant excepts.

The plaintiff claimed to recover upon a policy of accident insurance.  Upon the trial he offered in evidence a paper purporting upon its face to be an accident ticket, the material part of which is as follows :

"The Travelers Insurance Company, of Hartford, Conn., hereby insures G. D. Bickford, of Barton, Vt., for the term fixed by the coupons still attached hereto, against loss of time not exceeding twenty-six consecutive weeks, resulting from bodily injuries effected during the term of this insurance, through external, violent, and accidental means, which shall, independently of all other causes, immediately and wholly disable him from transacting any and every kind of business ; or in event of death solely therefrom within ninety days, will pay the principal sum to his legal representatives ;

except that this ticket insures females against death only; does not insure persons under sixteen or over seventy years old, employes on public conveyances while on duty, nor persons bereft of reason, sight or hearing; covers only injuries received within the civilized limits of the United States, Canada, Newfoundland, Mexico, West Indies and Bermudas, including travel by regular passenger or mail lines on sea between such limits; that the company's total liability hereunder shall not exceed three thousand dollars; that its limit of insurance under accident tickets is six thousand dollars, with thirty dollars weekly indemnity, and it will return on demand to insured, or his legal representatives, all premiums paid in excess thereof. With above exceptions this ticket grants fifteen dollars per week indemnity for disabling injuries, three thousand dollars principal sum; provided,

"2. Immediate written notice, with full particulars and full name and address of insured, is to be given said company at Hartford of any accident and injury for which claim is made. Unless affirmative proof of death or duration of disability, and of these being the proximate result of external, violent, and accidental means, is so furnished within seven months from time of accident, all claims based thereon shall be forfeited to the company. No legal proceeding for recovery hereunder shall be brought within three months after receipt of proof at this office, nor at all unless begun within one year from date of alleged accident.

"Rodney Dennis, Secretary.    J. G. Battertan, President."

There were attached to the ticket two coupons, which extended the same for two days from the date punched out in the margin, which was January 6, 1893, twelve o'clock noon.

The defendant objected and excepted to the introduction of this ticket, for the reason that there was no evidence to show its execution, or that it had been issued and delivered to the plaintiff, and for the further reason that no recovery could be had upon the same under the general counts.

The declaration contained the ordinary common counts in assumpsit, and also contained the following special count:

"In a plea of the case, for that the defendant, heretofore, to wit, on the date of this writ, at Barton, in the county of Orleans, was indebted to the said plaintiff in the sum of five

hundred dollars, for money due to said plaintiff from said defendant upon an accident ticket issued by said defendant to said plaintiff on the sixth day of January, A. D. 1893, insuring said plaintiff against loss of time not exceeding twenty-six weeks; and in consideration thereof, the said defendant then and there undertook and faithfully promised the plaintiff to pay him, the said plaintiff, the sum so due as aforesaid when thereto afterwards requested.

"Yet though often requested, the defendant has never paid the same, but wholly neglects and refuses so to do."

The only pleadings filed by the defendant were the general issue. County court rule No. 12, which is referred to in the opinion of the court, reads as follows:

"If an action is founded on an instrument purporting to have been signed by the defendant, the plaintiff shall not be required to prove the execution of the same on trial unless the defendant shall have filed within the rule for filing special pleas a plea of the general issue, with a notice thereto appended that he shall deny the execution of such instrument.

"If handwriting is to be disputed in a case when the execution of a written instrument is put in issue by the pleadings, special notice thereof shall accompany the pleading raising such issue.

"This rule shall apply to pleas in offset, mutatis mutandis."

The plaintiff was injured January 7, 1893. Ten weeks from that date he executed and forwarded to the company proofs of claim which were duly received. Upon the trial the defendant insisted that the plaintiff could not recover for injuries after the date of this proof of claim, which was the only one filed by him, excepted to the admission of all evidence as to disability subsequent to that time, and requested the court to charge the jury that the recovery of the plaintiff must be limited to the sum of one hundred and fifty dollars. The court instructed the jury that they might give the plaintiff his actual damages which occurred after the filing of said proof, as well as before, and to this the defendant excepted.

At the close of the evidence the defendant moved for a verdict in its favor, and with reference to this motion the exceptions were as follows:

"At the close of all the evidence the defendant asked the court to direct a verdict for the defendant, upon the ground that no recovery could be had under the declaration as disclosed by the evidence, which is hereby referred to and made a part hereof, which motion was overruled, to which the defendant excepted."

The defendant further moved the court to dismiss the suit, for that it had no jurisdiction as appeared from the evidence. This motion was overruled, and the defendant excepted.

The jury returned a verdict for the plaintiff in the sum of two hundred and ten dollars.

*Crane & Alfred* and *E. A. Cook* for the defendant.

The declaration of the plaintiff was in general assumpsit. Under this declaration the plaintiff could not recover upon the special contract set forth in the accident ticket. *Cutter* v. *Powell*, 2 Smith's Lead. Cas. 7th Ed. 61, 62; *Beede* v. *Fraser & Co.*, 66 Vt. 114.

If the cause of action as set forth originates in a contract, the contract must be proved as laid. *Way* v. *Wakefield*, 7 Vt. 223; *Wilkins* v. *Stevens*, 8 Vt. 214; *Wainwright* v. *Straw et al.*, 15 Vt. 215; *Mattocks* v. *Lyman & Cole*, 16 Vt. 113; *Stearns* v. *Haven et al.*, 16 Vt. 87; *Porter & Ballard* v. *Munger*, 22 Vt. 191; *Perry* v. *Smith*, 22 Vt. 301; *Kent* v. *Bowker*, 38 Vt. 148; *Groot* v. *Story*, 41 Vt. 533; *Doon* v. *Ravey*, 49 Vt. 293; *Bradley* v. *Phillips*, 52 Vt. 517; *Chapman* v. *Goodrich*, 55 Vt. 354; *State* v. *St. Johnsbury*, 59 Vt. 332; *Mann et al.* v. *Burchard et al.*, 40 Vt. 339.

Where a special contract contains conditions precedent, the performance of those conditions must be alleged in the declaration. *Donahue* v. *Windsor County Ins. Co.*, 56 Vt. 374; *Cooledge* v. *Continental Ins. Co.*, 67 Vt. 14; 1 Archibald's Nisi Prius, *133; 1 Saund., Pl. and Ev., *132; *Lamphere* v. *Cowen*, 42 Vt. 182.

There is no essential difference between the general counts

and the special count in this declaration; both proceed upon an absolute promise, while the promise proved was conditional. *Latham et al.* v. *Rutley et al.*, 2 B. & C. 20; *Strong* v. *Rule*, 3 Bing. 315.

*W. W. Miles* for the plaintiff.

The conditions in this contract do not modify the promise, but can be urged merely by way of defence. Hence, their performance need not be averred in the declaration. *Seyk* v. *Miller's Nat. Ins. Co.*, 74 Wis. 67; *Cooledge* v. *Continental Ins. Co.*, 67 Vt. 14; *Tripp & Bailey, Admrs.*, v. *Life Ins. Co.*, 55 Vt. 100.

The contract being for the payment of money, and having been fully executed upon the part of the plaintiff, a recovery may be had upon the common counts. 1 Chitty Pl. 342; *Way* v. *Wakefield*, 7 Vt. 223; *Wainwright* v. *Straw & Cunningham*, 15 Vt. 215; *Mattocks* v. *Lyman et al.*, 16 Vt. 113; *Bradley* v. *Phillips*, 52 Vt. 517; *Chaffee* v. *Rutland Rd. Co.*, 55 Vt. 110; *Bank of Columbia* v. *Patterson's Admr.*, 7 Cranch 299; *Sutton* v. *Bennett*, 1 Aik. 197; *Lapham* v. *Barrett*, 1 Vt. 247; *Stevens* v. *Talcott*, 11 Vt. 25.

The plaintiff was under no obligation to prove the execution of this instrument since the defendant had not denied it by its pleadings. County Court Rule No. 12.

The plaintiff may recover for damages subsequent to the filing of his proof. The object of requiring the furnishing of proof of claim is to establish the fact and nature of the injury. *DeGoff* v. *Queen's Ins. Co.*, 38 Me. 501; *Mut. Assur. Soc.* v. *Scottish U. & N. Ins. Co.*, 10 Am. St. R. 819; *Queens Ins. Co.* v. *Young*, 11 Am. St. R. 51; *McGlinchey* v. *Fid. & Cas. Co.*, 80 Me. 256; *Olson* v. *St. Paul F. & M. Ins. Co.*, 35 Minn. 432; *Teutonic F. Ins. Co.* v. *Mund*, 102 Pa. 89; *Burkhard* v. *Travelers Ins. Co.*, 102 Pa. 262; *Hoffman* v. *Ætna F. Ins. Co.*, 32 N. Y. 405.

Even if the court is of the opinion that the plaintiff can only

recover for the ten weeks previous to the filing of his proof of claim, still the county court has jurisdiction, for it does not affirmatively appear that the suit was not brought in good faith. _Ladd_ v. _Hill_, 4 Vt. 164; _Kitridge_ v. _Rollins_, 12 Vt. 541; _Spafford_ v. _Richardson_, 13 Vt. 224; _Cooley_ v. _Aiken_, 15 Vt. 322; _Waters_ v. _Langdon_, 16 Vt. 570; _Manwell_ v. _Briggs_, 17 Vt. 176; _Henry_ v. _Tilson_, 17 Vt. 479; _Brainard_ v. _Austin_, 17 Vt. 650; _Joyal_ v. _Barney_, 20 Vt. 154; _Sanborn_ v. _Chittenden_, 27 Vt. 171; _Hall_ v. _Wadsworth_, 28 Vt. 419; _Powers_ v. _Thayer_, 30 Vt. 361; _Clark_ v. _Crosby_, 37 Vt. 188; _Scott_ v. _Moore_, 41 Vt. 205; _Field_ v. _Randall & Durant_, 51 Vt. 33; _Worcester & Woodruff_ v. _Lamson_, 55 Vt. 350; _Drown & Willard_ v. _Forrest_, 63 Vt. 557.

TAFT, J.   I. The first question presented is, whether the insurance ticket was admissible in evidence.

_a._   The first objection was that it "was clearly inadmissible until some evidence had been offered tending to show its execution, and issuing of said exhibit by said defendant." The plaintiff was not required to prove the execution of the ticket, as the defendant had filed no notice that he should deny it.   County Court Rule No. 12.   But it is urged that, in order to make the ticket admissible, some evidence ought to be given tending to show its issuing and delivery.   The possession of the ticket was _prima facie_ evidence, presumptive proof, and therefore evidence tending to show that the ticket had been legally issued and delivered.

_b._   The other objection made to the ticket as evidence was "that no recovery could be had upon the general counts, by reason of the provisions contained in the contract as expressed in said exhibit."   It is argued that the declaration is upon an absolute contract, while the one in proof is conditional.   The objection was not that the ticket was inadmissible because the proof varied from the declaration, but that for the reason

no recovery could be had under the general counts. This does not raise the question of variance between the proof and declaration, but simply whether a recovery can be had under the general counts upon a conditional contract. The fact that a contract is conditional is no reason why a recovery under the common counts cannot be had, the case being otherwise made out. There is another reason why this objection is not valid. There is in the declaration a special count in indebitatus assumpsit, and the verdict is general. Conceding that no recovery can be had under the general counts, a judgment is never arrested because the declaration contains a defective count, if there is a good count in it for the same cause of action ; the verdict is deemed the finding upon the good count only, unless it otherwise appears. R. L., s. 913. It does not so appear, and the exception is not sustained.

II.   ''The defendant asked the court to direct a verdict for the defendant, upon the ground that no recovery could be had under the declaration as disclosed by the evidence.'' It was not error to refuse a compliance with the request. When a party moves for a verdict he should state the precise grounds on which he bases his request, or the court may well disregard it. *State* v. *Nulty*, 57 Vt. 543. No ground was stated, and the principle stated in the case cited controls the question.

III.   The next question is, whether the plaintiff can recover for disabling injuries after the filing of his proof. The injury occurred January 7, 1893 ; the proof was filed at the end of ten weeks thereafter ; the limit of time for which the plaintiff could recover was twenty-six consecutive weeks ; and he had, by the terms of his contract, seven months from the time of the accident to file the proofs of the duration of his disability, i. e., he had one month after the time for which he could recover had expired in which to file the proof of his claim ; unless he filed his proof within seven months of the time of the accident, he forfeited all claims under the con-

tract. A fair interpretation of the contract requires us to hold that no recovery can be had for a disabling injury for any time not covered by the proofs. The insured is not required to file his proof until the twenty-six weeks for which, if the facts warrant, he can recover, have expired; he then is aware of all the facts in the case, and can make his proof and claim accordingly. There is nothing in the contract that expressly forbids making two or more proofs of claim. The precise point we decide is, that no recovery can be had for any time after the final proof of a claim has been filed; the limit of recovery in this case was one hundred and fifty dollars, and interest after the receipt of the proofs by the company, which we consider to have been March 28, 1893, and the judgment below should have been for that sum.

IV. The remaining question is one of jurisdiction; in order to oust the county court of jurisdiction, it must affirmatively appear that the plaintiff did not bring his suit in good faith. The defendant claims that it is apparent that such is the fact, for that the plaintiff testified "I did not suppose I was entitled to anything after I told them what I would take; made my claim." It does not appear that this was all the evidence upon this point, nor that it referred to the time the suit was begun; he may have supposed at the time he made his claim that he would not be disabled thereafter, or that he could not recover for any time thereafter. The plaintiff is not, as matter of law, by testifying as above stated, estopped from making the claim that he brought his suit in good faith, and as it does not affirmatively appear that it was brought in bad faith, the court had jurisdiction, and the motion to dismiss was properly overruled. *Drown* v. *Forrest*, 63 Vt. 557.

If the plaintiff enters a remittitur of the damages, in excess of the sum which we think he was entitled to recover, as above stated, the judgment may be affirmed; otherwise the exception is sustained, judgment reversed, and cause remand-

ed for a new trial. The plaintiff having filed in court a re-
mittitur of the damages in excess of one hundred and fifty
dollars, and interest since March 28, 1893,

*Judgment is affirmed, and the defendant allowed its costs
in this court.*