BENJAMIN A. BYLOW *v.* UNION CASUALTY & SURETY COMPANY.

May Term, 1900.

Present : TAFT, C. J., ROWELL, TYLER, MUNSON, START, THOMPSON and
WATSON, JJ.

Opinion filed June 19, 1900.

*Accident insurance policy—"Wholly and continuously disabled"—Identity of occupation—To oversee is to superintend*—One cannot be said to be wholly and continuously disabled from performing any and every duty pertaining to his occupation, within the meaning of an accident insurance policy, when one of his duties is "overseeing," and he continues in the same employment "superintending" the kind of work he had previously been engaged in, working nine-tenths of full time and receiving ninety per cent of full pay.

ASSUMPSIT on an accident insurance policy. Pleas, the general issue and three special pleas. City Court of Barre, February 26, 1900. Trial by court, *Boyce, J.* Judgment for the plaintiff. The defendant excepted.

*Geo. A. Brigham* and *William Wishart* for the plaintiff.

*Edward H. Deavitt* for the defendant.

TAFT, C. J. This case is brought to this court by exceptions from the City Court of Barre. The plaintiff was insured by the defendant company against accident and in order to entitle him to recover, one condition of the policy was, that the accident which caused the injury for which he seeks to recover should "immediately and independently of all other causes and wholly and continuously disable and prevent the insured from performing any and every kind of duty pertaining to his occupation." It appears by the policy that the plaintiff's occupation was a lumper in a granite cutting yard, the duties of which employment were "overseeing and changing and boxing granite, loading and unloading cars." The plaintiff's thumb was injured when at work as such lumper and he continued thereafter in the employ of the granite firm in superintending the work that he

had been previously doing.    To oversee is to superintend.    Webster's Int. Dic. 1024.

It thus appears that he was not wholly and continuously disabled and prevented from performing any and every kind of duty pertaining to his occupation for he continued in the employ of the same firm in connection with his duties, performing them in part, receiving ninety per cent. of his full pay, working nine hours daily instead of ten at the same rate per hour that had been paid him.    Under this state of facts he is not entitled to recover.

*Judgment of the City Court is reversed and judgment for the defendant for its costs.*