JULIUS O. FROST *v.* THE NORTH BRITISH AND MERCANTILE INSURANCE COMPANY OF LONDON AND EDINBURGH.

October Term, 1904.

Present:    ROWELL, C. J., TYLER, START, WATSON, HASELTON, and POWERS, JJ.

Opinion filed May 18, 1905.

*Fire Insurance—Foreign Corporation—Authority of United States Branch—Officers—Policy—Power of Agents—Proof of Loss—Waiver—Right to Sue—Question for Jury.*

The powers of an agent are, *prima facie*, co-extensive with the business entrusted to his care, and will not be narrowed by limitations not communicated to the person with whom he deals.

In an action on a fire insurance policy issued by a company incorporated under the laws of a foreign country, evidence examined, and *held*, as matter of law, to show that the actions and doings of the managers at the general office of the company's United States branch pertaining to the policy and the loss in question were the acts and doings of the company itself.

*Held* also that the evidence showed that a general agent in whose hands the adjustment of the loss was placed, in respect of the adjustment, was clothed with all the powers of the company and acted in its stead.

The provision of the "Standard Fire Insurance Policy" of New York that the policy shall be void, unless otherwise provided by agreement indorsed thereon or added thereto, in case of other insurance, increase of hazard, incumbrance, vacancy, etc., does not apply to a waiver of proofs of loss.

The stipulation of a fire insurance policy negativing authority in any officer or representative of the insurer to waive the requirement for furnishing proofs of loss within 60 days after the fire is for the benefit of the insurer, and can be waived by it.

Such stipulation does not preclude the insured from showing that the representative of the insurer having in charge the adjustment of the loss was authorized by the insurer to make such a waiver.

Notwithstanding such stipulation, the acts and declarations of an agent who was appointed by the insurer with unlimited authority to adjust a loss, respecting the subject matter he had in hand are admissible in an action on the policy to show a waiver of proofs of loss.

A distinct denial of liability by the insurer and refusal to pay upon a specific ground, unconnected with the proof of loss, before the time has expired within which the insured is bound by the terms of the policy to present formal proof of loss, is a waiver of proof of loss, entitling the insured to maintain an action on the policy at once.

The waiver of such proof of loss is a waiver of the condition that no action can be maintained on the policy, and no loss is payable under it, till a time limited after satisfactory proof of loss has been received by the insurer.

When an agreement has been reduced to writing, not under seal, it is competent for the parties by subsequent oral agreement to waive, dissolve, or annul the former agreement, or in any manner to add to or subtract from, or to vary or qualify any of the terms of it.

A provision in a policy of fire insurance that in any matter relating to the insurance no person, unless duly authorized in writing, shall be deemed the agent of the insurer, is for the benefit of, and subject to waiver by, the insurer.

In an action on a policy of fire insurance, evidence examined, and *held* that whether the local agents, who countersigned the policy and through whom the insurance was made, were treated by the parties, in what they did relative to the loss, as agents of the defendant was a question for the jury.

Assumpsit on a policy of fire insurance. Pleas, the general issue and four special pleas in bar. Trial by jury at the April Term, 1903, Windsor County, *Munson, J.,* presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion fully states the case.

*Clarke C. Fitts* for the defendant.

Norton did not have authority to waive the provision in the policy requiring proof of loss. *Smith* v. *Ins. Co.,* 60 Vt. 690; *Powers* v. *Ins. Co.,* 68 Vt. 394.

*E. L. Waterman, J. L. Martin* and *E. W. Gibson* for the plaintiff.

The company is bound by the knowledge its agents have of the facts affecting the risk. *Keenan* v. *Mo. State Ins. Co.,* 12 Ia. 126; *Westchester Fire Ins. Co.* v. *Earle,* 33 Mich. 143; *Earle F. Ins. Co.* v. *Globe L. & T. Co.,* 44 Neb. 380; *Phoenix Ins. Co.* v. *Stocks,* 149 Ill. 319; Am. & Eng. Enc. Vol. 16, 914, 915; *Tarbell* v. *Vt. Mut. Fire Ins. Co.,* 63 Vt. 53; *Ring* v. *W. C. Mut. Fire Ins. Co.,* 51 Vt. 563.

The insurer can waive the provision that a waiver must be in writing. Harrison v. Ins. Co., 67 Fed. Rep. 577; *Dibbrell* v. *Ins. Co.,* 110 N. C. 193; 67 Miss. 620; 65 Miss. 301.

Whatever a foreign insurance company can lawfully do at its home office can be done by the agent representing it at the place where the contract is made relative to the business of which he is superintendent. *Goldwater* v. *Liverpool & L. & G. Ins. Co.,* 12 Cent. Rep. 51 (N. Y.); *Union Mut. Life Ins. Co.* v. *Wilkinson,* 13, Wall. 222; *Peckner* v. *Phoenix Ins. Co.,* 65 N. Y. 195; *Walsh* v. *Hartford Fire Ins. Co.,* 73 N. Y. 5; *Kuney* v. *Amazon Ins. Co.,* 36 Hun. 66; *Carrigan* v. *Ins. Co.,* 53 Vt. 418.

A refusal to pay on the ground that there is no liability is a waiver of proof of loss. *Knickerbocker Life Ins. Co.* v. *Pendleton,* 112 U. S. 696 S. C. 115 U. S. 339; *Home Ins. Co. of N. Y., Appt.* v. *Charles Koeb et al.,* 53 L. R. A. Book 56; *German Ins. Co.* v. *Frederick,* 58 Fed. Rep. 142; *Russell* v. *Ins. Co.,* 36 Fed. Rep. 443; *Lazensky* v. *Knights of Honor,* 31 Fed. Rep. 592; *Steamship Co.* v. *Hall,* 55 Fed. Rep. 663.

WATSON, J.  This action is general and special assumpsit upon an insurance policy to recover amount of loss by fire. The defendant pleaded the general issue and four special pleas in bar.  The fourth special plea is that the plaintiff did not within sixty days after the fire, render a proof of loss to the defendant, signed and sworn to by the plaintiff, as required by the terms of the policy.  In reply thereto, the plaintiff says in short that such proof was waived by the defendant.

The policy contains provisions that within sixty days after the fire, unless such time is extended in writing by the company, the insured shall render to the company a proof of loss, signed and sworn to by him; and that the loss shall not become payable until sixty days after satisfactory proof of the loss required in the policy has been received by the company.

At the close of the evidence the defendant moved for a verdict upon sixteen grounds assigned therefor, and excepted to the overruling of the same.  It is argued that the motion should have been granted upon the last seven grounds assigned, the substance of which may be stated thus: that by the undisputed evidence, the plaintiff did not within sixty days after the fire render a proof of loss to the company, signed and sworn to by him as required; that there was no evidence tending to show any waiver of such proof on the part of the company; that there was no written waiver thereof attached to the policy or indorsed thereon, and none introduced in evidence; that the time for filing such proof of loss has never been extended in writing by the company, nor waived, nor extended, nor forborne by it, or any representative, agent, or officer thereof; and that by the terms of the policy, no action can be maintained upon it and no loss is payable under it until sixty days after due notice, ascertainment, estimate, and satisfactory proof of loss has been received by the company in accordance with the terms of the policy.

From the policy itself and other evidence in the case,. it appears that the defendant is a foreign company of London and Edinburgh, established under the laws of the Kingdom of Great Britain and Ireland; that the company has a United Stated Branch with its general office in the city of New York. As is contended by the defendant, the case shows. no correspondence or negotiations with the home office of the company regarding the loss, hence it is important to inquire regarding the powers of the officers, agents and representatives in charge of this general office in New York. It appears. that the United States Branch has in New York a board of directors, a manager, an assistant manager, and a general adjuster; that the manager is the general manager of the company in the United States, in charge of the office in New York,. and the general adjuster is in charge of the loss department, and that all proofs of loss received by the company at that office are in his charge and custody. And the evidence tended to show that general agents were appointed by the authorities at that office for the company in other states of the union, also local agents who are authorized and empowered to receive proposals for insurance and to make insurance by policies of the company signed by one of its said directors and attested by the manager; and that for all purposes of making insurance contracts, issuing policies, receiving moneys on such contracts, adjusting and paying losses, in the United States, those in charge of the general office in the city of New York were intrusted with unlimited powers without control or interference by the managers of the home office in London or Edinburgh. The policy to the plaintiff was issued for the company by one of its directors and its manager at the general office in New York, acting under power of attorney from the company, countersigned by the local agents at Brattleboro through whom the insurance was made. With such facts es-

tablished, it would follow, as a matter of law, that the actions and doings of the managers at the general office of the United States Branch pertaining to the policy or the loss in question must be considered as the acts and doings of the company itself. *Hartford Ins. Co.* v. *Haas*, 87 Ky. 531; *Hartford Life, etc. Ins. Co.* v. *Hayden's Admr.* 90 Ky. 39; *Rivara* v. *Queen's Ins. Co.* 62 Miss. 729; *Phoenix Ins. Co.* v. *Bowdre*, 67 Miss. 620, 19 Am. St. Rep. 326. The rule recognized and quoted in *Smith* v. *Niagara Ins. Co.* 60 Vt. 682, 15 Atl. 353, "that the powers of an agent are *prima facie* coextensive with the business intrusted to his care, and will not be narrowed by limitations not communicated to the person with whom he deals" is much in point here.

The house covered by the policy was burned October 9, 1901. The platintiff who has an office in Boston immediately by letter notified Taylor and Son, the defendant's local agents in Brattleboro, that the house was burned. On receipt of this letter, Taylor and Son notified the company at the New York office of the loss, and so stated in their letter to the plaintiff written October 11, in reply to his letter of the 9th. The campany, by its assistant manager at the New York office, notified Ralph S. Norton, the general agent of the company residing in Maine, of the loss. Norton was the company's adjuster and was the sole person having in hand the work of the settlement of losses in the states of Maine, New Hampshire and Vermont. On October 14, the company put the matter of the plaintiff's loss entirely into Norton's hands to do with as his judgment might dictate, and thereafter he represented and acted for the company in connection therewith. Thus in this matter Norton was clothed with all the powers of the company and acted in its stead. Therein he was made the company's special agent with unlimited authority. This appears not only from the undisputed testimony of Norton,

but also from a letter written by the general manager to the plaintiff dated December 20, saying, "We have been fully advised both by our Brattleboro agents as well as our adjuster, Mr. Norton, regarding this loss, and we have hoped that a speedy and satisfactory understanding would be arrived at. Mr. Norton is thoroughly competent and fair-minded and there should be no difficulty in reaching an understanding with him. The matter is entirely in his hands to do with as his judgment may dictate, and whatever you two agree upon will be approved by this office;" and by a letter from the general manager to the plaintiff's attorneys, dated December 28, in which he says "the matter was placed in the hands of our special agent, R. S. Norton of Portland, Me., to whom we will refer your letter."

The defendant contends that even though it could be said that Norton's acts and declarations constitute a waiver of the proof of loss, it cannot avail the plaintiff, since the policy provides that there can be no waiver by any officer, agent, or representative of the company, unless it be written upon or attached to the policy. In support of this contention we are referred to the case of *Smith* v. *Niagara Ins. Co.* before referred to. There the policy contained a provision that no officer, agent, or representative of the company should be held to have waived any of the conditions of the policy unless such waiver was indorsed on the policy. One Turner was a general agent of the company, having supervision of all its affairs and its adjuster of losses within and for the New England States. It was held that if not an officer he was a representative of the company, and came within that restriction in the policy, which was valid and binding on the parties.

But we think the case at bar is distinguishable from that case in this regard consequent on the material difference between the limitations in the policies. The policy under con-

sideration is what is known as the "Standard Fire Insurance Policy" of New York and several other states, the last paragraph of which reads: "This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions as may be indorsed hereon or added hereto, and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement hereon or added hereto, and as to such provisions and conditions no officer, agent, or representative shall have such powers or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

By the terms of the policy certain things render it void unless otherwise provided by agreement indorsed on the policy or added thereto. Thus, the having or subsequently procuring other insurance on the same property; the increase of hazard by any means within the control or knowledge of the insured; if the subject of insurance be personal property and be or become incumbered by a chattel mortgage; if a building described in the policy, whether intended for occupancy by the owner or by a tenant, be or become vacant or unoccupied and so remain for ten days,—these and many other things named in the policy may be subjects of agreement of waiver so indorsed or added. Under the provisions of the paragraph aboved quoted the power of an officer, agent or other representative of the company to waive any of the provisions or conditions of the policy is limited to such as are so made subject of agreement, and then the power does not exist unless the waiver shall be written upon or attached to the policy.

By the same paragraph, all other provisions and conditions of the policy, are without the power of any officer, agent, or other representative to waive in any manner, whether in writing or otherwise. The waiver of proof of loss is not specified in the former class, hence,—unlike the Smith case,—it is not within the provision requiring a waiver by an officer, agent, or representative to be written upon or attached to the policy. *Quinlan* v. *Providence Washington Ins. Co.* 133 N. Y. 356; *Dwelling-House Ins. Co.* v. *Snyder,* 59 N. J. L. 18, 34 Atl. 931.

The stipulations negativing authority in any officer, agent, or other representative to waive any provision or condition in the latter class are made however for the benefit of the company and can be waived by it. *Powers* v. *New England Fire Ins. Co.* 68 Vt. 390, 35 Atl. 331; *Findeisen* v. *Metropole Fire Ins. Co.* 57 Vt. 520. And they do not preclude the insured from showing as a fact that the officer, agent, or representative having in charge the adjustment of the loss was invested with the same power, in other words, that the restrictions upon him in this respect had been removed. This fact proved, such adjuster would have all the authority of the company in the settlement of the loss, including the waiver of the specified provisions relating thereto, notwithstanding the limitations contained in the policy. *Smith* v. *Niagara Fire Ins. Co.* is authority on this point. It was there held that the general agent and adjuster, unless restricted in his authority, the insured having notice thereof, had all the power of the company, in the settlement of a loss, to waive any of the conditions of the policy.

In *Knickerbocker Life Ins. Co.* v. *Norton,* 96 U. S. 234, 24 L. ed. 689, the Court, speaking through Mr. Justice BRADLEY, said the policy "also contained an express declaration that the agents of the company were not authorized to make, alter

or abrogate contracts or waive forfeitures. And these terms, had the company so chosen, it could have insisted on. But a party always has the option to waive a condition or stipulation made in his own favor. The company was not bound to insist upon a forfeiture, though incurred, but might waive it. It was not bound to act upon the declaration that its agents had no power to make agreements or waive forfeitures; but might, at any time, at its option, give them such power. The declaration was only tantamount to a notice to the assured, which the company could waive and disregard at pleasure. In either case, both with regard to the forfeiture and to the powers of its agent, a waiver of the stipulation or notice would not be repugnant to the written agreement, because it would only be the exercise of an option which the agreement left in it. And whether it did exercise such option or not was a fact provable by parol evidence, as well as by writing, for the obvious reason that it could be done without writing." This holding was referred to with approval by the same Court in a recent case where it was further said that an agent can be given such power, and whether it has been given or not may be shown by parol. *Iowa Life Ins. Co.* v. *Lewis*, 187 U. S. 335, 47 L. ed. 204. See also *Little* v. *Phoenix Ins. Co.* 123 Mass. 380, 25 Am. Rep. 96; *Hartford Fire Ins. Co.* v. *Keating*, 86 Md. 130, 63 Am. St. Rep. 499; *Messelback* v. *Norman*, 122 N. Y. 578; *Bishop* v. *Agricultural Ins. Co.* 130 N. Y. 488.

It follows that Norton's acts and declarations in the course of the performance of his duties as such special agent, respecting the subject-matter he had in hand, stand like the acts and declarations of any other agent when acting within the scope of his authority, and were proper evidence to be considered on the question of waiver. *Brink & Co.* v. *Merchants' etc. Ins. Co.* 49 Vt. 442.

This evidence together with other evidence in the case tended to show a waiver of the preliminary proof, and the waiver of such proof is a waiver of the condition that no action can be maintained upon the policy and no loss is payable under it till a limited time after satisfactory proof of loss has been received by the company.    In such case suit may be brought at once upon the denial of liability, although the time limited by the policy after proof may not have expired. *Norwich & N. Y. Trans. Co.* v. *Western Mass. Ins. Co.* 34 Conn. 561; *Williamsburg Ins. Co.* v. *Cary,* 83 Ill. 453. In overruling the motion for a verdict there was therefore no error.

The defendant submitted twelve different requests to charge, but here relies on its exception to the non-compliance with the eighth, ninth, and twelfth only.    Of these the eighth and ninth were based upon some of the same provisions of the policy as was the motion for a verdict, as above considered, and they were properly refused.

The exception to the charge regarding the waiver of proof of loss that the jury were entitled to treat whatever was done, said, or written by the adjuster as done, said or written by the company itself, is without force and has also in effect been disposed of.    Nor was there error in the charge that to amount to a waiver of such proof the jury must find that there was either an express agreement between the parties to that effect or that there was such a course of conduct on the part of the defendant as was reasonably calculated to throw the plaintiff off his guard and lead him to believe that the company did not require it.    That such preliminary proofs may be dispensed with by express agreement there can be no doubt upon elementary principles of written contracts not under seal; for when the agreement has been reduced to writing it is competent for the parties by subsequent oral agree-

ment to waive, dissolve, or annul the former agreement, or in any manner to add to or subtract from, or vary or qualify any of the terms of it. *Flanders* v. *Fay,* 40 Vt. 316. No question is made touching the consideration necessary to support such an agreement. There may also be an implied waiver which may be inferred from the circumstances, as when the conduct of the insurers is such as to induce delay or to render the production or correction of the proof useless or unavailing, by a distinct denial of liability and refusal to pay upon a specific substantive ground unconnected with the proof of loss, before the time had expired within which the insured was bound by the terms of the policy to present formal proofs,—*Noyes* v. *Washington County Mut. Ins. Co.* 30 Vt. 659; *Walsh's Admx.* v. *Vermont Mut. Fire Ins. Co.* 54 Vt. 351; *Mosley* v. *Vermont Mut. Fire Ins. Co.* 55 Vt. 142,—or to induce in the mind of the insured a belief that no proofs will be required, or that those already furnished, though defective, are satisfactory and therefore sufficient. 2 May on Ins. § 468-469. In *Findeisen* v. *Metropole Fire Ins. Co.* before cited, this last rule was applied.

The defendant's twelfth request was "That in all matters relative to this loss and its adjustment, Taylor & Son had no authority to act for and bind the company, but were in whatever they did about it the agents of plaintiff."

Taylor & Son were defendants' local agents at Brattleboro. The morning after the fire the plaintiff sent them a letter saying "I just got word the yellow house, so called, was burned last night. I think there is a small insurance on it in some company you represent. I do not know the particulars. It was occupied at the time." The body of the letter contained nothing more. Thereupon Taylor & Son notified the company, and then replied to the plaintiff as follows: "We are in receipt of yours of the 9th and hasten to reply. We

have notified the company on the risk, the North British & Mercantile, and as soon as we hear from them will let you know when they will be here to adjust the matter. Trusting this meets with your approval, we beg to remain," etc. On receipt of such notice from Taylor & Son, the company immediately put the matter into the hands of Norton as special agent. As time went along other letters were written by the plaintiff to Taylor & Son making inquiries regarding the settlement of the loss, and Taylor & Son communicated either directly or indirectly with the general manager who wrote the plaintiff on December 20, "we are in receipt of your letter of the 18th with reference to the loss recently sustained by you in Brattleboro, Vt. We have been fully advised both by our Brattleboro agents as well as our adjuster, Mr. Norton, regarding this loss, and we have hoped that a speedy and satisfactory understanding would be arrived at," etc., and on December 28th, the general manager wrote the plaintiff's attorneys "This claim was brought to our attention in due course by our Brattleboro agents, H. E. Taylor & Son." While it is doubtless true that under their commission Taylor & Son were not the agents of the company in matters pertaining to the settlement of losses,—*Smith* v. *Niagara Ins. Co.* already cited,— yet there was no reason why the company might not make them its agents in those matters in any particular case. Nor does the clause in the policy that in any matter relating to the insurance no person, unless duly authorized in writing, shall be deemed the agent of the company, require a different holding; for this clause, if it has any application to matters wholly subsequent to the loss,—a question which we do not consider,—was made for the company's benefit and is subject to its waiver. *Findeisen* v. *Metropole Fire Ins. Co.*

Upon the evidence appearing of record, it cannot be said as a matter of law that the parties did not by their actions

treat Taylor & Son in what they did relative to the loss and its adjustment, as the agents of the company. In the circumstances if material it was a question for the jury, and in ignoring the twelfth request there was no error.

This disposes of all the points made in the defendant's brief, and *judgment is affirmed.*