ARCHIBALD MELLEN *v.* UNITED STATES HEALTH AND ACCIDENT
INSURANCE COMPANY.

Special Term at Brattleboro, November, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, and POWERS, JJ.

Opinion filed February 7, 1910.

*Accident Insurance—Policy—Construction—Forfeiture—Notice
of Injury—Proof of Loss—Evidence—Waiver—Questions
for Jury—Limitation of Recovery—Direction of Verdict—
Jurisdiction—Amount in Controversy.*

Forfeitures are not favored, and a construction of an insurance policy
that will result in a loss of the indemnity contracted for will not
be adopted, except to give effect to plain requirements of the policy.

Where an accident insurance policy provided that no claim should be
valid unless a written notice was given to the insurer within
twenty days from the date of the injury, such notice need not be
given directly by the insured, but may be given by another at the
insured's request, even by the insurer's agent.

In an action on accident insurance policy, where the record stated that
notice was given the insurer a "few days" after the injury, the
Supreme Court will assume that this was within twenty days,
as required by the policy; but, in any event, that was a question
for the jury.

Where the injured in an accident policy complied with the require-
ments thereof as to notice of injury, he was not prejudiced by
thereafter filling out and returning blanks furnished by the in-
surer and marked "preliminary notice."

In an action on an accident policy, the question whether under the
evidence the insurer denied its liability before the expiration of
the time limited for filing proof of loss, *held* for the jury.

Where the insured in an accident policy was notified by the insurer,
after injury and before the time for filing proofs of loss expired,
that because of his failure seasonably to give notice of his injury
the insurer would not investigate the claim or pay the indemnity,
it thereby waived its right to proof of the injury.

Where the insurer waived its right to require proof of loss under the terms of an accident policy, the proof actually filed was important only on the question of fraud and false swearing.

The mere fact that the proofs of loss, filed with the insurer by the insured in an accident policy, in some respects contradicted the statements in the "preliminary proof" subsequently furnished by the insured is insufficient to establish fraud or false swearing.

Where the insurer denied its liability on an accident policy, it thereby waived its right to exact the report from the insured's attending physician which was required by the policy.

Where an accident insurance company denied its liability under the policy, thereby waiving its right to have filed the proofs of loss therein required, the insured was not limited in his recovery to the period of disability shown by the proof he did file.

A motion for a directed verdict recognizes the jurisdiction of the trial court and invokes its exercise, and, therefore, cannot be based on the lack of jurisdiction.

In order to oust the county court of original jurisdiction because of the smallness of the amount in controversy, it must appear that plaintiff did not act in good faith in bringing his action in that court.

ASSUMPSIT on an accident insurance policy. Plea, the general issue. Trial by jury at the September Term, 1907, Windham County, *Haselton*, J., presiding. At the close of plaintiff's case defendant moved for a directed verdict for that plaintiff had not given defendant either the "final notice," or the "preliminary notice" required by the policy; nor had plaintiff fulfilled the requirement of the policy that his attending physician should report plaintiff's condition every thirty days; and because the court had no original jurisdiction, as the amount that plaintiff could recover under the policy was less than two hundred dollars. Motion granted; verdict directed for defendant, and judgment thereon. The plaintiff excepted. The opinion states the case.

*Gibson & Waterman* and *Cudworth & Pierce* for the plaintiff.

Defendant by its own conduct waived the requirements of the policy as to notice; at least that on the evidence, was a ques-

tion for the jury. *Crenshaw* v. *Ins. Co.*, 71 Mo. App. 42; *Peabody* v. *Accident Assn.*, 89 Me. 96; *Moore* v. *Casualty Co.*, 57 N. E. 673; 2 Beach Ins., §§1235, 1236; *Whitmore* v. *Ins. Co.*, 148 Pa. St. 405.

The law is settled that where the assured, in attempting in good faith to comply with the terms of the policy, furnishes to the insurance company within the time stipulated, what purports and is intended to be proofs of loss, the company must point out particularly any defects therein, if it intends to rely upon them. If it fails to do so, objection cannot thereafter be made to its sufficiency. *Schuman* v. *Ins. Co.*, 30 Ore. 29; *Post* v. *Ins. Co.*, 43 Barb. 351; *Ins. Co.* v. *Tyler*, 16 Wend. 85; *O'Neil* v. *Ins. Co.*, 3 Comst. 122. The mere silence of an agent or manager of the company, after receiving proofs of loss, is a waiver of the right to require further proofs. *Ins. Co.* v. *Cheek*, 93 Va. 8; *McBride* v. *Ins. Co.*, 55 S. C. 589. Where the company hold the proofs without objection until the time allowed by the policy for furnishing proofs has expired, it cannot thereafter object to their sufficiency. *Ins. Co.* v. *Irwin*, 23 Ind. App. 53. The insurers must act in good faith in order to avail themselves of a violation of the conditions. *Patrick* v. *Ins. Co.*, 43 N. H. 621; *Clark* v. *Ins. Co.*, 6 Cush. 342; *Cornell* v. *LeRay*, 9 Wend. 163. Objections not made within a reasonable time, personal investigation of the amount of loss, and negotiations for a settlement, are waivers of proofs. *Ins. Co.* v. *Tyler*, 16 Wend. 358; *Bodle* v. *Ins. Co.*, 2 N. Y. 53; *Johnson* v. *Ins. Co.*, 7 Johns. 315. A general refusal to pay, followed by negotiations for a settlement without objection to the form of proofs of loss, is a waiver of such objections. *Graves* v. *Ins. Co.*, 12 Allen 391; *Eastern R. R.* v. *Ins. Co.*, 105 Mass. 570; *Brewer* v. *Ins. Co.*, 14 Gray 203; *Little* v. *Ins. Co.*, 123 Mass. 380; *Findeisen* v. *Ins. Co.*, 57 Vt. 520; *Donahue* v. *Ins. Co.*, 56 Vt. 374; *Mosley* v. *Ins. Co.*, 55 Vt. 142; *Smith* v. *Ins. Co.*, 60 Vt. 682; *Frost* v. *Ins. Co.*, 77 Vt. 407; *Goodale* v. *Ins. Co.*, 73 N. Y. 480; *McNally* v. *Ins. Co.*, 137 N. Y. 389.

*Joseph Madden* for the defendant.

The law is well settled that where the policy provides that no claim shall be made thereunder unless notice of accident is

furnished within a stipulated time, a failure to furnish such notice precludes any recovery for such accident. May on Ins. (2nd Ed.) 698; *Davis* v. *Davis*, 49 Mo. 282; *Dunshee* v. *Travelers' Ins. Co.*, 25 Pa. 559; *Johnson* v. *Maryland Cas. Co.*, 60 Atl. 1009; *Whalen* v. *Equitable Ins. Co.*, 58 Atl. 1057; *Door etc. Co.* v. *Maryland Cas. Co.*, 78 Pac. 135; *United Benevolent Soc. of Am.* v. *Freeman*, 36 S. E. Rep. 764; *Travelers' Ins. Co.* v. *Nax*, 142 Fed. 653; *Blackburn* v. *U. S. Casualty Co. et al.*, 103 S. W. 784; *Insurance Co.* v. *Whitaker*, 112 Tenn. 151; *Thornton* v. *Travelers' Ins. Co.*, 116 Ga. 121; *Travelers' Ins. Co.* v. *Thornton*, 119 Ga. 455; *Meech* v. *National Acc. Soc.*, 50 App. Div. 144; *Martin* v. *Equitable Acc. Ass'n.*, 61 Hun. 467; *Hatch* v. *U. S. Cas. Co.*, 83 N. E. 398.

Defendant never waived the requirement as to notice. A waiver never occurs unless intended, or unless the act is such that in equity it ought to estop the party from insisting on the requirement. May on Ins. (2nd Ed.) 773; *Aetna Life Ins. Co.* v. *Fitzgerald,* 75 N. E. 262.

POWERS, J.     This is an action to recover under an accident policy, and comes here on the plaintiff's exception to the action of the court below in ordering a verdict for the defendant.

The plaintiff's evidence tended to show that he suffered an accidental injury of the character specified in the policy on the 31st day of December, 1903; that a few days later, he visited Dr. John F. Butler for professional advice and treatment. That he then showed Dr. Butler his policy, and asked him to notify the company, as he, the plaintiff, could not read or write. That thereupon, the doctor wrote a letter to the defendant notifying it of the plaintiff's injury, which letter was sealed, addressed, properly stamped and deposited in the post-office. That shortly after, the plaintiff received from the company, a blank which was admitted in evidence at the trial and called the "preliminary notice." That this blank was subsequently filled out and returned to the company.

One paragraph of the policy reads as follows: " (i) No claim hereunder shall be valid unless written notice is given to the company at Saginaw, Michigan, within twenty days from date of injury or beginning of illness for which claim is to be made (notice given to any agent shall not constitute notice to the

company) ; nor unless thereafter affirmative proof of loss [which proof must affirmatively establish the fact that such loss was the proximate result of external, violent, and accidental means as to any claim under paragraphs (a), (b), (c), (d), or (e)] is furnished to the company at Saginaw, Michigan, within one month from the date of death, loss of limb or sight, or termination of disability.''

I.   The defendant insists that the notice of injury required by the first clause of this paragraph was not seasonably furnished, and therefore the action cannot be maintained. This requirement is not to be extended by construction. Forfeitures are not favored, and a construction which will result in a loss of the indemnity contracted for will not be adopted except to give effect to plain requirements of the policy. *Woodman's Acc. Asso.* v. *Byers,* (Neb.) 55 L. R. A. 291. It is apparent that the notice called for is not necessarily a formal document. It must be in writing, and it may safely be assumed that it should inform the company of the fact that the assured has received accidental injuries. It may as well be given by another at the assured's request as by the assured himself; May Ins. §463, even by the company's agent. *Powers* v. *Ins. Co.,* 68 Vt. 390. The ''preliminary notice'' received in evidence is nothing which the policy required to be furnished. It is an elaborate statement, not only of the circumstances surrounding the accident and the nature of the injury, but many other facts only remotely, if at all, related to the matter—like the assured's age, weight, height, habits, to whom he paid his last premium, and so forth. It also contains a surgeon's statement covering fifteen printed questions regarding the claimant and his accident. As the case stands, the letter which Dr. Butler wrote the company was a full compliance with the requirement for notice, and the furnishing of the ''preliminary notice'' was entirely gratuitous on the part of the plaintiff. If this letter was of a different character than the plaintiff's evidence tended to show, the defendant should have produced it; for it seems pretty certain it was received, since the company promptly forwarded the ''preliminary notice'' as hereinbefore stated.

In reaching this conclusion, we construe the statement in the bill of exceptions that this letter was sent by Dr. Butler ''a few days'' after the injury as meaning that it was sent within

twenty days thereafter. But if this is unwarranted, it makes no difference with the result, as it would be a question for the jury whether it was sent before or after the twenty days had run, and therefore could not be disposed of by the court.

The plaintiff, then, having complied with this requirement, was not to be prejudiced by his subsequent action in filling out and forwarding the "preliminary notice." By sending it, on February 9th, through Mr. Jenne, a local agent, he did nothing to deprive himself of the benefit of Dr. Butler's letter.

II. On receipt of the "preliminary notice" from Mr. Jenne—and on February 24th—the company, through its adjuster, wrote him acknowledging its receipt, and saying: "Under the conditions of his [plaintiff's] policy, it is necessary that notice be given this company within ten days of the commencement of any disability for which he expects to make claim. We regret this is the case, and in view of his notice being late, we see no reason why we should entertain the claim at this time."

Again on March 9, the company in like manner wrote Mr. Jenne, and after referring to the delay in the receipt of the notice, said: "Inasmuch as the conditions of the policy have been clearly violated in this case, thus giving us no opportunity to investigate the merits of the claim, we do not feel that we should be held liable and would thank you to advise Mr. Mellen to this effect."

These letters amount to a denial of liability and refusal to pay predicated upon the alleged failure of the assured seasonably to give notice. To be sure the letters are couched in polite terms, but the true meaning is as apparent as though it was expressed in more direct and positive language. If there could be any doubt about this, it would be dispelled by the company's letter under date of March 31, to Mr. York, their agent at Keene, in which reference is made to this claim and to the alleged fact that notice was not seasonably received, which reference is followed by this statement "we denied liability through agent Jenne on the ground that notice had not been given within the required time." All of these letters were written during the period of the plaintiff's disability and before the time for filing proofs of loss had arrived. At least this is our understanding of the case; and here again it makes no difference with the result,

for if we are not correct in our construction, it was a question of fact to be determined by the jury.

In the circumstances, this denial of liability was a waiver of proofs of loss. It was equivalent to saying to the plaintiff that the company would not pay if such proofs were furnished. Therefore a compliance with that provision of the policy would be an idle formality which the law will not require. May, Ins. §469; *Metropolitan Acc. Asso.* v. *Froiland*, (Ill.) 52 Am. St. Rep. 359; *Ins. Co.* v. *Vogel*, 166 Ind. 239, 117 Am. St. Rep. 382; *Phenix Ins. Co.* v. *Kerr*, 66 L. R. A. 569; *Knickerbocker Life Ins. Co.* v. *Pendleton*, U. S. 28 L. Ed. 866; *Frost* v. *Ins. Co.*, 77 Vt. 407; 11 Dec. Dig. "Insurance" §559.

Whether or not this waiver could have been retracted or recalled at any time before the period for filing proofs of loss had expired, we need not inquire, for there is nothing to indicate that this was attempted; it is certain that it could not be recalled after that period expired. By it, the rights and liabilities of the parties at once became fixed, and, so far at least as the plaintiff is concerned, were not affected by any subsequent treaty which resulted in an attempt to file such proofs.

III. It follows that so far as we are here concerned, the proofs actually filed are only important on the question of fraud and false swearing—which the defendant relied upon as one ground of his motion for a verdict. On this point it is enough to say that the mere fact that the proofs of loss in some respects contradict the statements in the "preliminary proof" is not enough, standing alone, to establish the fact of fraud or false swearing. Though the statements, or some of them, were false in fact, they may have been made in good faith. *Mosley* v. *Ins. Co.*, 55 Vt. 142. The most that could be claimed is that these discrepancies, if any existed, made a question for the jury on the point referred to.

IV. Nor was the plaintiff required to comply with the provision on the back of the policy regarding a report from his attending physician. This requirement also was waived by the denial of liability. *Chicago etc. R. Co.* v. *Gardner*, 83 Ill. App. 118.

V. The plaintiff was not necessarily limited in his recovery to the period of disability shown by the proofs filed. *Hohn* v. *Inter-State Casualty Co.*, 115 Mich. 79; *Cordery* v. *Ins. Co.*,

99 Ia. 382. Therefore it did not affirmatively appear that the action was not within the original jurisdiction of the county court. Besides, this point was not ground for a motion for a directed verdict. Such a motion recognizes the jurisdiction and asks its exercise in a particular way. Still further, it did not appear that the plaintiff did not act in good faith when he brought his action to the county court. This would be necessary to oust that court of jurisdiction. *Bickford* v. *Travelers' Ins. Co.,* 67 Vt. 418; *Drown* v. *Forrest,* 63 Vt. 557.

*Judgment reversed and cause remanded.* -