WILLIAM B. CLARKE *v.* TRAVELERS INSURANCE COMPANY.

October Term, 1919.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 5, 1920.

*Accident Insurance—Showing Total Disability Under Policy not Precluded by Filing Proof of Claim Alleging Partial Disability—Policy Should Receive Reasonable Construction in View of Its Purpose—Absolute Physical Inability not Necessary for "Total Disability"—Total Disability Question for Jury—Proof of Loss Waived by Denial of Liability on Other Ground—Waiver of Proof of Loss Covers Claim for Weekly Indemnity as Well as for Loss of Foot.*

1. An insured under an accident insurance policy, by filing proof of claim under the policy alleging partial disability and stating that it was not a full claim, as he was still partially disabled, is not, when afterwards suing for subsequent total disability and loss of a foot from the same accident, precluded from showing that his disability was in fact total and continuous to the time of the amputation; for, while the statements in the proof of claim would stand as admissions against interest to be considered by the jury in determining the degree of his disability, they would not be conclusive of his right of recovery.

2. The terms of an accident insurance policy must be given a reasonable construction in view of the purpose of the contract, and

in case of doubt must be construed against the insurer, but should be so construed as to serve the purpose of guarding the insurer against fraud or imposition.

3. The term "total disability," as used in an accident insurance policy, does not mean absolute physical inability to transact any kind of business pertaining to the insured's occupation, but disability from performing the substantial and material acts connected with such occupation.

4. Whether the plaintiff, the proprietor and manager of a store, was totally disabled in contemplation of the accident policy in question, was, under the evidence, a question for the jury, notwithstanding he made occasional visits to the store, and two trips to New York to purchase goods therefor.

5. The requirement of proof of loss in an accident policy is waived by a distinct denial of liability and refusal to pay upon a specific and substantial ground unconnected with, and before the expiration of time for presenting, the proof of loss.

6. Where the indemnity provided by an accident policy for dismemberment of a foot is a specific sum and in addition a weekly indemnity for total loss of time to the date of the dismemberment, the waiver of proof of loss by a denial of liability and refusal to pay any indemnity for the loss of the foot covers the claim for such weekly indemnity.

ACTION OF CONTRACT upon an accident insurance policy. Plea, the general issue. Trial by jury at the March Term, 1918, Chittenden County, *Wilson*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*William W. Stickney, John G. Sargent, Homer L. Skeels,* and *Harlow G. Leavens* for the defendant.

The plaintiff did many substantial acts required of him in his business so that he was not wholly and continously disabled and prevented from performing any and every kind of duty pertaining to his occupation, and therefore was not entitled to recover. *Bylow* v. *Union Casualty & S. Co.,* 72 Vt. 325; *Brown* v. *U. S. Casualty Co.,* 95 Fed. 935; *McKenny* v. *Gen. Acc. Assur. Co.,* 211 Fed. 951; *Saveland* v. *Fidelity & Cas. Co.,* 67 Wis. 174, 58

A. R. 863; *Globe Acc. Ins. Co.* v. *Helwig,* 13 Ind. App. 539; *U. S. Mut. Acc. Assn.* v. *Millard,* 43 Ill. App. 148.

The plaintiff cannot change his position as to partial disability and claim otherwise after the defendant has acted upon it and paid.     Bigelow on Estoppel (6th ed.) 744; *Felch* v. *Gilman,* 22 Vt. 38; *Thrall* v. *Seward,* 37 Vt. 573; *United States* v. *Adams,* 7 Wall. 463; *United States* v. *Child,* 12 Wall. 232.

*Harry B. Bradbury, Julian S. Eaton,* and *Clarence R. White* for the plaintiff.

The plaintiff was actually, totally and continuously disabled within the meaning of the insurance contract. *American Liability Co.* v. *Bowman* (Ind.), 114 N. E. 992, 995; *Hanson* v. *U. S. Casualty Co.,* 20 Colo. App. 393, 79 Pac. 176; *Turner* v. *Fidelity Casual Co.,* 112 Mich. 425, 70 N. W. 898; *Hohn* v. *Interstate Casualty Co.,* 115 Mich. 79, 72 N. W. 1105; *Lobdill* v. *Laboring Men's Mut. Aid Assn.,* 69 Minn. 14, 71 N. W. 696; *Wall* v. *Continental Casualty Co.,* 111 Mo. App. 504, 86 S. W. 491; *James* v. *U. S. Casualty Co.,* 113 Mo. App. 622, 88 S. W. 125; *Thayer* v. *Standard Life & Acc. Ins. Co.,* 68 N. H. 577, 41 Atl. 182; *Wolcott* v. *United Life & Acc. Ins. Assn.,* 8 N. Y. Supp. 263; *Neafie* v. *Manufacturers' Accident Indemnity Co.,* 8 N. Y. Supp. 202; *Davis* v. *Midland Cas. Co.,* 190 Ill. App. 338; *Great Eastern Casualty Co.* v. *Robins,* 111 Ark. 607; *Commonwealth Bonding, etc., Co.* v. *Bryant* (Tex.), 185 S. W. 979; *Hefner* v. *Fidelity & Casualty Co.* (Tex.), 160 S. W. 330; *Bachman* v. *Travelers Ins. Co.* (N. H.), 97 Atl. 223; *Continental Casualty Co.* v. *Wynne,* 36 Okla. 325; *Gross* v. *Commercial Casualty Ins. Co.* (N. J.), 101 Atl. 169; *National Life & Accident Ins. Co.* v. *O'Brien,* 155 Ky. 498; *Taylor* v. *Southern States Life Ins. Co.* (S. C.), 91 S. E. 326; *Young* v. *Travelers Ins. Co.,* 80 Me. 244.

TAYLOR, J.  This is an action of assumpsit upon an insurance policy.  The plaintiff had verdict and judgment below, and the case is here on the defendant's exceptions.  The plaintiff's recovery included damages under the policy for weekly indemnity and the loss of a foot.

The case was submitted to the jury on the plaintiff's evidence and certain documentary evidence introduced in connection with the cross-examination of the plaintiff and his wit-

nesses. Therefrom it appeared, among other things, that the plaintiff received an injury to one of his feet on September 27, 1915, from which blood poisoning ensued, occasioning the disability and loss of limb sued for. On May 15, 1916, the plaintiff forwarded to the defendant a "proof of loss" in which he claimed indemnity for total loss of time for the period ending February 8, 1916, and for partial loss of time thereafter, stating that it was not full claim as he was still partially disabled. On June 16 following, the defendant remitted to the plaintiff the amount of indemnity claimed "in partial settlement under the policy." A blank was enclosed for use in presenting any further claim on account of the injury, but the plaintiff made no other or further proof of claim. June 1, 1916, the plaintiff suffered a relapse, and remained in a critical condition until July 17, 1916, when the foot was amputated.

The plaintiff sought to recover the balance of indemnity under the policy for total disability from February 8, 1916, to May 15, 1916, full indemnity for total disability from that date to July 17, 1916, and the amount specified in the policy for the loss of a foot. The principal controversy at the trial was whether the plaintiff was entitled to recover for the loss of the foot. The claims for weekly indemnity were treated as of minor consequence. The court held that there could be no recovery for additional indemnity from February 8 to May 15, but against the defendant's objection admitted evidence in support of the other claims and submitted them to the jury. Numerous exceptions were taken but the errors relied upon are such that it it unnecessary to consider them *seriatim.* The defendant argues that it was error for the court to submit the question of damages for weekly indemnity to the jury without proof of loss, there being no evidence of waiver, and that the court erred in not directing a verdict for the defendant on the ground that the plaintiff had not shown continuous total disability from the date of the accident to the date of dismemberment. It is also urged that it was error to permit the plaintiff to introduce evidence to vary or impeach the proof of claim filed with the company, as the evidence made a claim entirely inconsistent therewith.

[1] The defendant's contention that the plaintiff was precluded by the proof of claim filed alleging partial disability from showing that his disability was in fact total and continuous to the time of the amputation cannot be sustained. Statements

therein would stand as admissions against interest to be considered by the jury in determining the degree of plaintiff's disability, but they would not be conclusive of his right of recovery. See *Mellen* v. *U. S. Health & Accident Ins. Co.,* 83 Vt. 242, 248, 75 Atl. 273; *Mut. Ben. L. Ins. Co.* v. *Newton,* 89 U. S. 32, 22 L. ed. 793; *Travelers Ins. Co.* v. *Melick,* 65 Fed. 178, 12 C. C. A. 544, 27 L. R. A. 629. They would be open to explanation, and there was evidence tending to show that they were not made understandingly. Nor does the evidence make a case of estoppel. If for no other reason, the necessary element of prejudice was lacking. If the plaintiff's claim is sustained, the defendant paid less than it was liable to pay under the policy; and it does not appear that it omitted doing anything for its protection on account of the claim for partial disability.

[2-4] Payment of indemnity for loss of the foot was resisted upon the additional ground stated in the motion for a directed verdict. By the terms of the policy the defendant contracted to indemnify the plaintiff for certain specified injuries. Among other things, it was stipulated that for the loss of either foot by severance at or above the ankle resulting from injury alone within ninety days from the date of the accident the defendant would pay a specified sum or a like amount if the injury ''shall independently and exclusively of other causes immediately, wholly, and continuously disable and prevent the insured from performing any and every kind of duty pertaining to his occupation and during that period of such continuous disability and within two hundred weeks from the date of accident shall result in'' such loss of either foot, and in addition weekly indemnity for total disability to the date of dismemberment. Plaintiff's occupation and duties thereof were described in the policy as ''manager with office and traveling duties.'' It appeared in evidence that he was the proprietor and manager of a store in Burlington dealing in women's wear, and had occasion at intervals to go to New York to purchase goods. It was on one of these trips that his foot was injured. The exception to the overruling of the motion presents the single question whether there was evidence tending to show that the plaintiff's disability was of the character stipulated in the policy.

Apart from the admissions in the proof of loss, which we have seen were not in the circumstances conclusive of the plaintiff's right of recovery, the defendant contends that, on the

undisputed evidence, from February 8 to June 1, 1916, the plaintiff performed many substantial acts required of him in his business, and so was not "wholly and continuously disabled and prevented from performing any and every kind of duty pertaining to his occupation," which would defeat his right of recovery. In support of this claim attention is called to testimony relating to two trips to New York between those dates in connection with the purchase of goods. The evidence relied upon is to the effect that the plaintiff went to New York to buy goods about February 4, returning about February 21; that he "made an effort" to buy goods assisted by his wife, who accompanied him to New York, and by his resident buyer there; that he went out from the hotel to look at goods, using an automobile in getting around and the elevator in going up or down; that he sat and looked at the goods shown and made selections; that when he became tired he would go back to the hotel and rest. Respecting the later trip to New York, nothing is called to our attention except the statement of plaintiff's physician in a paper put in evidence by the defendant that the plaintiff announced on May 23 that he was again going to New York on business and was absent until May 30.

Whether these facts are sufficient to conclude the plaintiff depends upon the construction that should be given the language of the policy quoted above. We have no case directly in point on this question. The defendant cites *Bylow* v. *Union Casualty, etc., Co.*, 72 Vt. 325, 47 Atl. 1066, but that case goes only to the extent of holding that one whose duties were "overseeing and changing and boxing granite, loading and unloading cars," cannot be said to be wholly and continuously disabled from performing any and every duty pertaining to his occupation, within the meaning of an accident policy, when he continues in the same employment superintending the same kind of work he had previously been engaged in, working nine-tenths of full time and receiving ninety per cent. of full pay. The rule of general application to policies of accident insurance is that their terms must be given a reasonable construction in view of the purpose for which the contract was made, and in case of doubt must be construed against the defendant. *Bates* v. *German Com. Accident Co.*, 87 Vt. 128, 88 Atl. 532, Ann. Cas. 1916 C, 447; *Robinson* v. *Masonic Protective Assn.*, 87 Vt. 138, 88 Atl. 531, 47 L. R. A. (N. S.) 924. At the same time the language em-

ployed should be so construed as to serve the purpose of guarding the insurer against fraud or imposition.

The provision as to disability in such a policy as this cannot be given a literal construction. To do so would be to hold in effect that the insurer would be liable in no case unless the insured by the accident should lose his life or his reason; for, so long as one is in possession of his mental faculties, he is capable of transacting some parts of his business, whatever it may be, although incapable of physical action. *Thayer* v. *Standard Life & Acc. Ins. Co.,* 68 N. H. 577, 41 Atl. 182. The term "total disability," or its equivalents, is necessarily a relative term depending in a measure upon the character of the occupation and the capabilities of the insured, and to a large extent upon the circumstances of the particular case. Ordinarily it is a question of fact and not of law. 4 Cooley's Briefs on Ins. 3288. It does not mean absolute physical inability to transact any kind of business pertaining to the insured's occupation. It is fairly supposable that it might be physically possible for the injured party to perform some act relating to his occupation when common prudence would require him to desist to effectuate a cure. The ability to perform some duty pertaining to his occupation would not in such circumstances defeat his right to indemnity, but he might be totally disabled in contemplation of the insurance contract. *Metropolitan Casualty Co.* v. *Edwards* (Tex. Civ. App.), 210 S. W. 586. Likewise an attempt to perform some of the duties of one's occupation when such an attempt is an indiscretion or an error of judgment would not prevent him from showing that he was totally disabled. *United Casualty Co.* v. *Perryman,* 203 Ala. 212, 82 So. 462. An honest effort to labor which ought not in fact to be made should not, nor does it, defeat a right to indemnity under a policy of accident insurance. It is generally held that total disability may exist though the insured is able to perform a few occasional or incidental acts pertaining to his occupation, if he is unable to perform any substantial portion of his work. The defendant gives countenance to this proposition in stating its claims under the motion.

While the courts of last resort are not in complete accord, the weight of authority supports the rule that the insured is totally disabled, even under the terms of an accident insurance policy like the one in question here, if he is disabled from performing the substantial and material acts connected with his oc-

cupation.  4 Cooley's Briefs on Ins. 3290; Kerr on Ins. §§ 385, 386.  The term as used in such a policy is sometimes defined as inability to perform all the duties necessary to the practical prosecution of one's vocation or business, disregarding all trivial acts which are not material to the prosecution thereof, but which are merely incidental thereto.  Note Ann. Cas. 1918 C, 113; 14 R. C. L. 1316; note 38 L. R. A. 529, where many cases are reviewed.  Applying these well recognized tests to the facts relied upon, we are unable to say, as matter of law, that the plaintiff was not totally disabled in contemplation of the clause of the policy in question.  It follows that the plaintiff was not concluded by these facts from claiming indemnity under the policy.

When all the evidence bearing upon the question is considered it is very evident that the motion for a directed verdict was properly overruled.  The evidence tended to show that during all the time the defendant claimed that the plaintiff was partially disabled he was physically unfit for the transaction of business.  It is unnecessary to rehearse the evidence in detail. We content ourselves with stating only a few of the salient facts. The condition of the plaintiff's leg was such that he could not put his foot to the floor, and could only get around with difficulty on crutches.  Incisions had been made in the foot and leg, which were from time to time renewed, in which drainage tubes were constantly kept for the removal of pus.  These open sores had to be cleansed and dressed at regular intervals.  The plaintiff was under treatment of a physician constantly.  He was in constant pain, was weak and nervous, and could sleep only under the influence of drugs.  The diseased condition of the foot, admittedly due to the accident insured against, was continuous and progressed in spite of surgical skill to a point where amputation was necessary to save the plaintiff's life.  At times the plaintiff was confined to the house.  At times when able to leave the house he rode to the store and would sit in his office for a while with his foot in a chair.  These occasional visits to the store were, as plaintiff testified, to get relief from his loneliness and pain.  He was unable to and did not transact any of the business at the store.  Respecting the trip to New York the plaintiff testified that he went because he had nobody to send to select goods for the spring opening.  In addition to what already appears, the evidence tended to show that the plaintiff was obliged to stop off

at Troy on the way down and back for rest; that each time he went out he was obliged to return to his hotel after an hour or two and go to bed; that he was unable to do the purchasing without the assistance of Mrs. Clarke and the resident buyer, who virtually did the buying; that he did not examine the goods but sat around while the rest examined them. This evidence made the question of the plaintiff's disability one of fact for the jury under proper instructions.

[5, 6] The defendant briefs the claim that it was error to admit evidence in support of the claim for weekly indemnity and to submit that question to the jury in the absence of the proof of loss required by the policy. It is therein stipulated that affirmative proof must be given to the company at the home office within seven months from the date of death, *dismemberment*, or loss of sight, or within the same time from the termination of each thirteen weeks' period of continuous disability, or from the termination of such disability if the full period is more or less than thirteen weeks. It has been held that the filing of such proof is a condition precedent to a right of recovery. *Bickford* v. *Travelers Ins. Co.*, 67 Vt. 418, 32 Atl. 230. But the requirement can be waived and is waived by a distinct denial of liability and refusal to pay upon a specific substantive ground unconnected with the proof of loss, before the time has expired within which the insured is bound by the terms of the policy to present formal proof of loss. *Frost* v. *North British & Mercantile Ins. Co.*, 77 Vt. 407, 418, 60 Atl. 803; *Mellen* v. *U. S. Health & Accident Ins. Co.*, 83 Vt. 242, 75 Atl. 273. There was evidence tending to show a distinct denial of liability and refusal to pay any indemnity for loss of the foot, amounting to a waiver of the proof of loss to that extent, on the ground that the plaintiff was not wholly and continuously disabled from the time of the accident to the time of dismemberment. The defendant practically concedes this by making no claim here that the right of indemnity for dismemberment was lost by failure to make the required proof. It would seem to follow that want of proof of loss would not affect plaintiff's right to recover for loss of time, to the extent at least that he was permitted to recover. So far as now material, the policy provides for two distinct classes of indemnities: (a) A single indemnity for death, dismemberment, or loss of sight; (b) A single indemnity for total loss of time. The indemnity for dismemberment of a foot is a specified sum

and in addition the weekly indemnity for total loss of time provided in class (b) to the date of dismemberment.   The denial of liability under class (a) amounted to a waiver of all proof of loss required for a recovery under that classification.   But the weekly indemnity recovered by the plaintiff is part of the single indemnity for loss of the foot.   This being so, if a case was made out entitling him to recover for loss of the foot, he would be entitled to an entire recovery, which would include the weekly indemnity specified in class (a)   It is enough to say that the waiver of proof of loss shown covered the claim for weekly indemnity recovered.

*Judgment affirmed.*